WIGGINTON, Judge.
This appeal is from an order entered by the County Judge of Leon County overruling objections made by one of the two residuary legatees of the estate to a petition filed by the executor for an order approving a proposed sale of certain described real estate owned by the estate. The question presented for our decision involves a construction of that provision of the will granting the executor the power to sell or dispose of property owned by the estate, together with a construction of the probate statutes of this state relating to the exercise of such power.
The testator’s will involved in this proceeding made several bequests of personal property to members of her family, a cash bequest to one of testator’s sons, and a small cash bequest to a faithful servant. The will contains a residuary clause in which all the rest and residue of the estate is devised and bequeathed in equal shares to testator’s two sons, Howard G. Gamble and John Grattan Gamble. The will appoints Howard Gamble as executor and contains the following power of sale:
“ * * * And I do hereby authorize and empower my said Executor to sell, transfer, assign and convey or to convert into cash such part of my Estate, real or personal, without order of Court, as may be deemed advisable to carry out the purpose of and to make distribution of my said Estate in accordance with the terms of this my Last Will and Testament, and the decision and judgment of my Executor in regard to the sale of any property and the price and terms thereof shall be final.”
Howard G. Gamble qualified as executor of the will and has discharged his duties thereunder in accordance with the directions contained therein.
In the course of administration the executor filed a petition with the court reciting that he has entered into a contract for the sale of a parcel of land owned by the estate for a specified price and under terms and conditions agreed upon between himself and the purchaser. The executor alleges in his petition that he deems the sale advisable for the purpose of paying the cost of administration of the estate, and for the purpose of making distribution thereof as directed by the will. He prays for an order approving the proposed sale.
John G. Gamble, brother of the executor and the remaining residuary legatee of the estate, was served with a copy of the petition to which he promptly filed his objection, urging a number of grounds in support of his position. Among the grounds asserted is one to the effect that the executor has no right or authority to make a sale of property owned by the estate under the terms of the will because the sale is not necessary in order to pay the costs of administration or to make distribution of the estate as alleged in the petition for sale. Thus one of the issues created by the pleadings, and the only one which we are asked to consider on this appeal, went directly to the authority of the executor to sell real property owned by the estate. Whether such authority existed depended upon the subordinate issue of whether the sale was necessary in order to pay the costs of administration or make distribution of the estate in accordance with the provisions of the will.
At the hearing on the objection to the executor’s petition for sale the court refused to permit any testimony or evidence to be adduced by the parties on the issues raised by the pleadings. The record reflects that an extended colloquy took place between the court and the attorneys representing the executor and the objector. In this colloquy the county judge expressed his view regarding the questions presented, and directed that an order be prepared for his signature overruling the objections to the sale urged by the residuary legatee.
By the order appealed the county judge ruled that under the terms of the applica *852 ble statute, F.S. Section 733.22, F.S.A., and under the terms of the will, the executor has the right to sell any real estate belonging to the estate at such price and on such terms as he may deem advisable, without order of the court. The order recites that nothing contained therein shall be construed as either approving or disapproving the proposed sale, the price and terms of which are held to be within the discretion of the executor.
From the foregoing it appears that the question with which we are confronted involves a determination of whether the power of sale granted the executor in testator’s will is a general power over which the probate court has no control, or whether it is a limited power under which the authority of the executor is restricted and over which the county judge does have some degree of control. This question must be resolved on the basis of what is found to have been the intent of the testator from the language employed in granting the power.
As noted above, the will grants to the executor the authority to sell such part of the estate, real or personal, without order of court, as may be deemed advisable to carry out the purpose of and make distribution of the estate in accordance with the terms of the will. In the exercise of this power the discretion and judgment of the executor in regard to the sale of any property, and the price and terms thereof, shall be final.
The statute relating to the exercise of the power of sale under the terms of a will provides as follows:
“In every case where a power is given in a will to sell or dispose of propert)' of the estate, or any interest therein, a sale made under authority of such will shall be valid. The sale and disposition of property under such power may be made by the executors, or such of them as qualify, or by the surviving executor or executors, or by the administrator with the will annexed, or by the administrator de bonis non, if no other person is appointed in the will for such purpose, or, if the person so appointed refuses to perform the trust or dies before he has completed the same or is otherwise rendered incompetent.” [1]
The language employed in the provision of the will granting the executor the power of sale appears to be clear and unambiguous. The power is specifically limited to such sales of estate property as may be deemed advisable to carry out the purpose of the will and make distribution of the estate. It seems obvious that no sale would be required in order to make distribution of the personal property owned by the testator in accordance with the specific bequests contained in the will. It is possible that a sale of all or a portion of the real estate owned by the estate may be deemed advisable if such is necessary in order to pay the specific cash bequests made by the will, or to pay the costs of administration, or both. If the executor possesses sufficient funds in the estate with which to accomplish either or both of the purposes mentioned above, then the sale of additional real property owned by the estate would not be necessary in order to carry out the purpose of the will, or to make distribution of the estate as directed therein
In Standard Oil Company v. Mehrtens,[2] the will there construed authorized the testamentary trustee in his discretion to sell all of the property owned by the estate and to invest the proceeds thereof in first mortgages on real estate in order to accomplish the purposes specified in the will. In holding that the authority of the trustee to sell property of the estate under the power granted by the will was restricted *853 to sales made for the purpose of investing the funds derived therefrom in first mortgages, and did not extend to sales of property for the purpose of raising funds to pay the debts of the estate, the Supreme Court said:
“It appears to be too well settled to admit of very much argument that an executor acting under a will in making a sale of the property of the testator is generally held to a strict execution of the powers conferred, and to effect a valid sale all directions of the power must be complied with. * * *»
 The general rule applying to powers of sale contained in last wills and testaments appears to be as follows:
“ * * * A general power of sale, however, must not be exercised arbitrarily or capriciously, and it cannot be exercised to destroy an essential quality of the estate when there are no debts of the testator to be paid, and no necessity of a sale for the purpose of division among the dev-isees; nor can it be extended to include holding, rental, or management. * * *
“If the power of sale is limited, either expressly or by implication, as determined from the testator’s intention, as construed from the will and surrounding circumstances, it can be exercised only under the circumstances, in the manner, and for the purposes provided for or contemplated in the will, such as for the payment of debts and legacies, or for distribution, or, according to the decisions on the subject, for reinvestment. * * *”[3]
The foregoing principles comport with our conception of logic and justice. We can conceive of innumerable instances in which the property of an estate will have a far greater value if distributed to the residuary legatees in kind rather than in cash equivalent to the then market value thereof. Such valuable rights should not be denied the legatees unless the clear and unambiguous provisions of the will reveal an intent by the testator that the executor shall have the unrestrained discretion to liquidate and reduce to cash property owned by the estate whether or not any need to do so exists.
From the foregoing it is our view, and we so, hold, that under the power of sale granted the executor in the case sub judice his authority to sell real property owned by the estate is limited to such sales as may be advisable in order to carry out the purpose and make distribution of the estate in accordance with the terms of the will. We find nothing in the terms and provisions of the will which reasonably lead to the conclusion that the testator intended for her executor to have the power, in his uncontrolled discretion, to liquidate any or all property of the estate under circumstances which serve no purpose other than to require the inheritance of the residuary legatees to be distributed to them in cash rather than in kind. On the contrary, by employing the words “such part of my Estate” in the provision granting the power of sale, the testator indicated an intent that no more of the estate property should be sold than was deemed advisable in order to carry out the purpose of and make distribution of the estate. In addition, the language employed in the residuary clause of the will which provides that there is devised to the legatees all the rest and residue of the estate to be theirs “absolutely and in fee simple” indicates a testamentary intent that all real property not needed in administering the will should descend to the legatees in kind.
The decision rendered by the Supreme Court of Florida in Butts v. Jammes,[4] and *854 by the Second District Court of Appeal in Rank v. Sullivan[5] each construed wills containing general powers of sale without restriction or limitation, so those decisions, and the principles announced therein, are not considered applicable to the case sub judice.
We conclude that the pleadings filed by the parties in this cause properly raise an issue with respect to the authority of the executor under the terms of the testator’s will to convey real property owned by the estate. The county judge erred in holding under these circumstances that the power of sale granted the executor by the testator’s will invested him with the unbridled authority to make the proposed sale of real estate owned by the estate without order of court, and that it was not necessary for him to establish that such sale was necessary in order to carry out the purpose of the will and make distribution of the estate in accordance with the testator’s directions. The executor, by the allegations of his petition, recognized the burden placed on him by the will for justifying the sale by alleging that it was necessary in order to make distribution of the estate and pay the costs of administration. Issue has been joined on this allegation and it was only because of the ruling of the county judge that the parties were precluded from offering evidence in support of their respective contentions. We think that this issue should be tried and resolved on the basis of the evidence adduced at the trial.
The order appealed is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
RAWLS, Chief Judge, and CARROLL, DONALD K., J., concur.

. § 733.22, F.S.A.

. Standard Oil Company v. Mehrtens, 96 Fla. 455, 118 So. 216, 220.

. 33 P.J.51 Executors and Administrators § 27G (1942).

. Butts v. Jammes, 68 Fla. 231, 66 So. 1004.

. Rank v. Sullivan (Fla.App.1961), 132 So.2d 32.