McCORD, Judge.
This appeal is from an order denying the executors’ petition for an order authorizing sale of real property and requesting the court’s approval of a pending sale. § 733.-225, Florida Statutes, which became effective October 1, 1973, and was in effect at the time of the probate court’s order, provides as follows:
“(1) No court order is required to authorize or confirm a sale made pursuant to a general power of sale contained in a will, and such a sale need not be justified by any necessity.
(2) Conveyances or transfers of property heretofore made pursuant to a general power of sale contained in a will may not be invalidated as not being justified by necessity.”
Item Eighteen of the Will of the testator provides in pertinent part as follows:
“In addition to the other powers and duties herein conferred upon my Executors and my Trustees for the purpose of enabling them to perform their duties and exercise their rights herein, and in addition to the powers conferred upon them by law, I hereby authorize and empower my said Executors and my said Trustees as follows:

(e) To assign, transfer, lease, sell and convey any and all of the property of my estate and Trust, or any part thereof, upon such terms, conditions, and for such consideration as they may deem appropriate
Pursuant to the foregoing provision of the will the executors (appellants) sold three parcels of estate land with court approval. The three sales were necessary to pay taxes and administration expenses of the estate. Subsequently, the executors entered into negotiations to sell an additional 367 acres of estate lands for the sum of $200,000. In spite of the above-quoted statute, the purchaser insisted on approval of the sale by the Probate Court in order to be assured of a clear title. Appellee, Frances Granger Thompkins, a beneficiary under the will, objected to the sale and the court entered the order from which this appeal has been taken denying authority to sell the property and stating as follows:
“ . . . it being the opinion of this Court that Section 733.225, Florida Statutes, does not apply where the Court is petitioned to approve a sale of real property by an estate and that the petition must therefore be considered as if no power of sale were conferred by the Will of the decedent, and the court, being further of the opinion that, under Florida law, title to real estate vests in the beneficiaries at the death of the decedent subject only to divestment when necessary to pay taxes, debts and expenses of administration of the estate [In re Smith’s Estate, 200 So.2d 547 (Fla.App., 1967); In re Gamble’s Estate, 183 So.2d 849 (Fla.App., 1966)], and it appearing that all taxes, debts and substantially all administration expenses have been paid and that there is therefore no present necessity for such sale, *511 and it further appearing that at least one beneficiary of the estate objects to such sale, it is thereupon . . . ”
Appellants contend that § 733.225, above quoted, was adopted to avoid the e'ffect of decisions in Estate of Gamble, Fla.App. (1st), 183 So.2d 849 (1966), and Estate of Smith, Fla.App.2d, 200 So.2d 547 (1967), which were relied upon by the probate court in its denial of authority for the sale; that the statute was obviously passed to override the rulings in Smith and Gamble ; that the statute is clear and unambiguous that an executor’s sale under a general power of sale need not be justified by any necessity.
Appellee states that the power of sale granted by the will is ambiguous or limited rather than unlimited but argues that, assuming the will gives the power of sale contemplated by § 733.225, the executors, by seeking judicial approval, abandoned or waived the power and thereby subjected themselves to the provisions of § 733.23, Florida Statutes, pertaining to sales in the absence of a power and the common law regarding vesting and divesting of real estate upon the death of a testator.
We do not agree with appellee’s statement that the power of sale contained in this will is ambiguous or limited, and appellee has made no argument supporting that assertion. Here the power is general and under the foregoing statute the court erred in grounding his denial of approval upon a lack of necessity. The statute is clear that necessity is no longer a consideration when a general power of sale has been given the executor. The statute is dual in purpose — no approval order is required and the sale need not be justified by any necessity.
Under the statute, an executor, proceeding pursuant to a general power of sale, need not seek a court order of confirmation, but if he does, it would be fallacious to say that the court is powerless to do more than give a rubber stamp approval. Under such circumstance, although the probate court may not consider necessity, it may consider such things as adequacy of consideration, whether or not the transaction is in good faith, whether' or not the sale will benefit one or more beneficiaries to the detriment of others and whether or not there is fraud involved.
This ruling is limited to the issue now before the court and we do not here make any ruling as to the effect of failure of an executor to have obtained court approval should it later develop that a sale was a fraud upon beneficiaries.
Reversed and remanded with directions to reconsider appellants’ petition for authority to sell in the light of this opinion.
BOYER, C. J., and RAWLS, J., concur.