RYDER, Acting Chief Judge.
George Dewey Polly died in 1976. His will appointed appellee Etter as personal representative of his estate. The will called for a handful of specific devises and the establishment of a trust for a minor devisee. All of the specific devises have been distributed except for the specific devise to appellants. This appeal is from the trial court’s denial of appellant’s petition for partial distribution. We reverse and remand with instructions that G.D. Polly’s specific devise to appellants be distributed.
At the time of his death, G.D. Polly owned interest in a Florida limited partnership named Wing South Development Limited (Wing South). Wing South’s principal asset is a large tract of real estate. Appel-lee Naples Inter-Monetary, Inc., was a general partner of Wing South. Article Tenth of G.D. Polly’s will states:
I give, devise and bequeath the following percentages of my evidence of ownership and beneficial interest in and to Wing South Development, LTD, including the $20,000.00 held by G.D. Polly and Tilton Bannister as Trustees, to the following people in the following proportions:
The Presbyterian Church in Whites-burg — 5% Euline Polly Wright — 47V2% The balance of my evidence of ownership and beneficial interest in and to Wing South Development, LTD, including the $20,000.00 held by G.D. Polly and Tilton Bannister as Trustees, I give, devise and bequeath to Margaret Polly for and during her natural life, or for so long as she shall remain unmarried, whichever period shall be shorter with the remainder in fee simple absolute to Carole Rae Belavek. In the event the said Margaret Polly shall remarry prior to my death this bequest shall be void and of no further effect whatsoever. [Emphasis in original.]
*756 Appellee Etter, as personal representative of the estate, has been arguing successfully for over ten years that appellants must wait until the Wing South property is sold before they can receive their specific devise. The trial court’s latest order on this issue found “that the hearing on the Petition is premature.”
We note that appellee Etter answered appellants’ interrogatories concerning the assets and liabilities of the estate. All estate taxes have been paid. The answer included all liabilities listed in the Financial Statement of the Estate, dated 12/31/85, and all other liabilities up through December 4, 1986. The hearing was held December 8, 1986. The trial court was fully apprised of the estate’s current liabilities. See § 733.802(1), Fla.Stat. (1985).
The will contained a general power of sale only as to the residual estate — not to the specific devises:
The Executors shall have the complete right and authority to sell or dispose of in any manner and in their discretion any and all of the properties not specifically mentioned herein, and which shall be a part of the residual estate.
I further request that the Executors shall take the proceeds from my life insurance policies and apply to any inheritance taxes hereunder and that they sell any and all of my residual estate as may be necessary to satisfy all State and Federal inheritance taxes. And in the event that the residual estate shall not be large enough to satisfy all State and Federal inheritance taxes, then I request that the Executors deduct from each of the specific gifts hereunder such amounts as may be necessary to satisfy the said taxes.
Absent a grant of a power of sale by the testator, or specific instructions by the testator that the devise be sold before distributed, specific devises must be distributed in kind. See generally In re Estate of Smith, 200 So.2d 547 (Fla. 2d DCA 1967); In re Estate of Gamble, 183 So.2d 849 (Fla. 1st DCA 1966); and § 733.613, Fla.Stat. (1985). G.D. Polly gave a specific devise to appellants and they are entitled to receive the devise in kind. Smith, 200 So.2d at 553.
Appellee Etter argued below and on appeal that because the interest specifically devised was a percentage of a limited partnership, there is nothing to distribute until the real property is sold. This argument ignores the fact that limited partnership interests are assignable. § 620.19(1), Fla. Stat. (1985). The trial court abused its discretion in denying appellants’ petition for partial distribution and in failing to order an assignment by the personal representative of the interests specifically devised by the decedent. In closing, we note that although the real estate in question is currently embroiled in litigation, and that litigation may have (now or in the future) an effect upon the value of the interest assigned, it in no way calls into question the fact that appellants are entitled to a distribution.
Reversed and remanded with instructions.
FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.