HERSEY, Chief Judge.
The issue in this appeal is the propriety of a final judgment in probate proceedings authorizing the sale of a residuary asset of the estate to a residuary devisee who was also the personal representative.
The will of the decedent left one-half of the residuary to the surviving spouse, Angelina Iandoli. She was also named as persona] representative and is the appellee here. The other one-half of the residuary was' left to Marie Iandoli, the decedent’s daughter by a previous marriage, who is the appellant. Because of the impact of death taxes on the residuary, the actual shares of the residue are unequal, but that is not material to the issues involved in this, appeal.
Among the assets of the estate'-was a shopping center valued at $7,000,000. Because this asset was not amenable to partition for distribution, the personal representative decided to sell it. The acrimonious relationship between the two residuary beneficiaries was cited as the reason that an in kind distribution creating a co-tenancy would not be a viable alternative.
Appellee, as one of the two residuary beneficiaries, proposed to buy the shopping center at the stated value of $7,000,000. There is no supportable contention that the value is more or less than this figure, but appellant nonetheless contested the sale. The will contained a general power of sale. However, in recognition of the potential difficulty posed by section 733.610, Florida Statutes (1985), appellee petitioned for approval of the sale. That petition was granted, resulting in this appeal.
The factual issue which dominated the four-day hearing below was whether the property was severable; that is, whether it could be divided into two parts for in kind distribution with each part being able to function independently. The trial court made a substantiated finding that it could not.
A subordinate factual issue was whether the parties could effectively operate the shopping center as a cotenancy, and again the finding was negative.
Both findings support a conclusion that appellee was proceeding in good faith. We will not substitute our judgment for that of the trial court on these factual issues which are supported by substantial competent evidence. Ocean View Towers, Inc. v. First Fidelity Savings and Loan Association, 521 So.2d 325 (Fla. 4th DCA 1988).
The trial court relied in part on the factors explicated in In re Granger, 318 So.2d 509 (Fla. 1st DCA 1975), to support its conclusions that an inquiry into “necessity” for the sale is not appropriate where the will confers a general power of sale. The final judgment tracks each of the Granger factors in order to lend support to the ultimate approval of the proposed sale. We approve the Granger analysis while recognizing that it is not intended to foreclose other lines of inquiry where a conflict of interest issue is made by the pleadings.
Appellant’s additional arguments are that the sale benefits appellee to the detriment of appellant, that the figure of $7,000,000 represents a depressed value for the property, that the final judgment creates an option rather than a firm commitment and that the court erred in finding that appellant never made an offer, herself, to purchase the property.
No useful purpose would be served by a recital of the evidence on these issues and we therefore conclude with the observation that the trial court’s findings on these, as on the issues discussed earlier, were supported by substantial competent evidence.
Accordingly, we affirm.
AFFIRM.
DOWNEY and ANSTEAD, JJ., concur.