553 So.2d 192 (1989)
Dorothy M. CLIFTON, Appellant,
v.
Lonnie R. CLIFTON, Sr., et Ux., et al., Appellees.
No. 88-2288.
District Court of Appeal of Florida, Fifth District.
October 12, 1989.
Rehearing Denied December 1, 1989.
*193 C. Allen Watts, of Cobb & Cole, Daytona Beach, for appellant.
Kirk T. Bauer, of Zimmerman, Paul & Bauer, Deland, for appellee Charles A. Clifton, Jr.
Patrick W. Gillen, Jr., of Apgar & Gillen, Deland, for appellees, Dorothy L. Clifton and Charles A. Clifton, Sr.
Howard L. Cauvel, Deland, for intervenor, First American Title Ins. Co.
SHARP, Judge.
Dorothy Clifton appeals from a final judgment after a trial, which determined that she has a life estate interest in the homestead property owned by her late husband, Charles N. Clifton, at the time of his death. Although Clifton devised his residuary estate to Dorothy, and the will was admitted to probate, the trial court ruled that Dorothy was estopped to claim the whole fee, and that the remainder interest in the homestead passed to the Cliftons' two adult sons, Charles A. and Lonnie Clifton, who were living at the time their father died. Because we find the record fails to establish any basis for an estoppel against Dorothy, we reverse.
The facts in this case were not in material dispute. Charles N. Clifton died in 1978, and was survived by his wife, Dorothy, and two adult sons. He was the sole owner of several acres of waterfront property, which he and his family occupied as their residence. In 1973, Charles executed a will in which he devised all of his real estate and personal property not otherwise disposed of, to Dorothy. He made no specific mention of the homestead property.
In November of 1978, Dorothy and her sons signed a petition for an order of summary administration of a testate estate. It recited all of the required facts to obtain summary probate pursuant to Chapter 735 of the Probate Code: the decedent died with a valid will; the will was duly proved and admitted to record; he left a constitutional homestead, specifically described; he had no debts or creditors; and the petitioners were his sole heirs-at-law. In the petition for administration, Dorothy and her sons also alleged Charles' estate consisted of "no property."
The probate court entered an order dated November 16, 1978 which made no distribution of assets. It simply recited that decedent owned a "constitutional homestead" at the time of his death. It also declared that Dorothy and her two sons were the "sole heirs at law."
On the same day this order was signed, a portion of the homestead was deeded from Dorothy, Charles A. and Lonnie (and their wives) to Lonnie, Jr., (one of Dorothy's grandsons). The title to this portion of the homestead is not in dispute. All parties apparently agree that the deed was effective to pass title to Lonnie Jr.
In August of 1986, Charles A. Clifton, Sr. and his wife deeded a one-half remainder interest in the balance of the homestead to their son, Charles A. Jr., for a purchase price of $104,000. Charles Jr. paid his father $4,000 and executed a promissory note for the balance. He also obtained title insurance from First American Title Insurance Company in a total amount of $200,000. First American was permitted to intervene in this law suit.
When Dorothy learned about the deed to Charles A. Jr., she became very upset. She consulted an attorney to discover what rights and remedies she might have. She then learned for the first time that her husband's will passed the fee to the homestead *194 to her, and that Charles A. Sr. and Lonnie did not obtain any remainder interests in the property. Accordingly, she brought this suit for declaratory relief to establish her fee interest in the homestead property.
At the trial, the parties agreed that they had all thought that Charles N. Clifton's homestead had to pass to his widow for life with remainder interest to Charles A. and Lonnie. Charles N.'s will was executed on January 4, 1973, two days after the effective date of the 1973 amendment to the Florida Constitution,[1] and implementing legislation (§ 732.4015) which permits the owner of homestead property to devise it to a surviving spouse if there are no minor children. However, the Cliftons' assumption or understanding regarding the descent of homestead property was understandable because it had long been the established law of this state prior to the amendment. In re Noble's Estate, 73 So.2d 873 (Fla. 1954).
It is now well-established that the owner of homestead property may devise the fee to a surviving spouse, if all of the owner's children are adults.[2] A residuary clause of a will suffices for such purpose, even though such a devise was prohibited by the Florida Constitution and statutes when the will was executed. Estate of Murphy, 340 So.2d 107 (Fla. 1976); Jones v. Jones, 412 So.2d 387 (Fla. 2d DCA 1982). The actual intent of the testator not expressed in the will itself must give way to the residuary clause, as the only valid indicator of the decedent's intent. Murphy; Perkins v. O'Donald, 77 Fla. 710, 82 So. 401 (1919). Thus, Charles N. Clifton's will, which devised the homestead to Dorothy was controlling.
Heirs and beneficiaries may formally agree to alter their prescribed interests in an estate, but such an agreement must be in writing and comply with section 733.815, Florida Statutes. All parties to this lawsuit agree that no such agreement was executed in this case. Nor does Dorothy's joining in the petition for summary probate of her husband's estate contain any statements purporting to alter her inheritance rights under Florida law. Waiver cannot be founded on such a joinder. See In re Estate of Cleeves, 509 So.2d 1256 (Fla. 2d DCA), rev. denied, 518 So.2d 1273, 1274 (Fla. 1987); Race v. Moseley, 308 So.2d 137 (Fla. 2d DCA 1975).
The fact that the probate court failed to enter a formal order of distribution concerning the homestead in the Clifton probate is significant. No such order is required to pass title to persons entitled to homestead property, nor is a personal representative's deed required.[3] Had there been an order of the probate court distributing remainder interests to the two adult sons, there might be a basis to argue an estoppel. But nothing in this probate purported to alter the descent of the homestead under applicable Florida law.
The trial court in this case considered Dorothy to have been estopped to claim the fee because she had not done so before, and because Charles A. Jr. and the title insurer had incurred liabilities based on their assumptions that Charles A. Sr. inherited a remainder interest in the homestead. However, Dorothy took no steps to mislead Charles A. Jr. or the intervenor as to her title or claims. See Howell v. Fiore, 210 So.2d 253 (Fla. 2d DCA 1968). Cf. Cook v. Katiba, 190 So.2d 309 (Fla. 1966). Further, her mistake (as well as everyone else's involved in this case) was one of law  the misapplication of Florida law to the facts and circumstances which took place. This is not a proper basis for an estoppel. Heisler v. Florida Mortgage Title & Bonding Co., 105 Fla. 657, 142 So. *195 242 (1932); 28 Am.Jur.2d Estoppel & Waivers § 47 (1966).
Further, Dorothy acted as soon as she became aware of her legal rights to the fee. Cf. Cavanaugh. By bringing this lawsuit she put the intervenor and Charles Jr. on notice of her rights. They were then able to limit their losses, as much as possible, and as soon as possible. Because we find no basis to hold that Dorothy should be estopped, we reverse and remand this cause for entry of a judgment consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] January 2, 1973.
[2] § 732.4015, Fla. Stat. (1987); Art. X, § 4(c), Fla. Const.
[3] Homestead property, whether devised or not, passes outside of the probate estate. Personal representatives have no jurisdiction over nor title to homestead, and it is not an asset of the testatory estate. Cavanaugh v. Cavanaugh, 542 So.2d 1345 (Fla. 1st DCA 1989); Redfearn, Wills & Administration in Florida §§ 18-1; 18-8; 18-10 (6th ed. 1986).