821 So.2d 1276 (2002)
In re ESTATE OF Jack HAMEL,
Karyn H. White, individually and as Personal Representative of the Estate of Jack Hamel, Appellant,
v.
Theodore Parker, P.A., a Florida corporation, Appellee.
No. 2D01-2189.
District Court of Appeal of Florida, Second District.
August 7, 2002.
*1277 Stanley A. Goldsmith, Sarasota, for Appellant.
Theodore Parker of Theodore Parker, P.A., Sarasota, for Appellee.
ALTENBERND, Judge.
Karen H. White, individually and as personal representative of the estate of her father, Jack Hamel, appeals an order denying a petition to determine homestead. Theodore Parker, P.A., a creditor of Mr. Hamel's estate, objected to the determination. The trial court correctly ruled that a condominium owned by Mr. Hamel was homestead on the date of his death. Mr. Hamel's will disposed of the condominium to his adult daughters through a residual clause that permitted the property to be distributed in kind. Because the daughters did not obtain an order determining homestead before they sold the condominium to fulfill a contract of sale executed by their father prior to his death, the trial court decided that the constitutional homestead protection from creditors' claims did not inure to these heirs. We conclude that the homestead protection inured to these heirs at the time of Mr. Hamel's death and that a judicial determination of homestead is not the controlling factor in this case. We therefore reverse the trial court's order.
The narrow, dispositive issue in this case is whether, prior to the entry of an order determining homestead, a decedent's heirs lose homestead protection if they transfer homestead property in compliance with a decedent's contract for sale when the heirs inherit the property through a residual clause in a will that permits the property to be distributed in kind. Under these circumstances, we conclude that homestead protection from creditors' claims does inure to the heirs.
The facts in this case are undisputed. Mr. Hamel executed a will on November 28, 1990. The will is not a detailed document and made no specific bequest of homestead property. Instead, any and all real property owned by Mr. Hamel was devised through the residuary clause. It directed that the "rest, residue and remainder of decedent's property of whatever kind or nature and wherever situate" be divided equally among his surviving children. The will further allowed the personal *1278 representative "to distribute in kind or in money, or partly in each."
Shortly before his death, Mr. Hamel entered into a contract to sell his residence, a condominium in Sarasota County. Mr. Hamel died on January 14, 2000, prior to the closing of the transaction. He was survived by both of his adult children, Ms. White and her sister, Kim Hamel.
Mr. Hamel's will was admitted to probate, and letters of administration were issued to Ms. White as his designated personal representative on February 28, 2000. Later that day, Ms. White participated in a closing on the sale of Mr. Hamel's condominium. Because the probate court had not yet determined that the condominium was homestead property, the buyer required two deeds, one from Ms. White as personal representative in the event the property was later determined to not be homestead, and one from Ms. White and Ms. Hamel as individuals, in the event the property was later determined to be homestead. The net proceeds of the sale, approximately $900,000, were placed in escrow pending a decision on the homestead status of the property.
Ms. White issued notice of the administration of the estate. Mr. Parker, an attorney who had provided services to Mr. Hamel, filed two claims on behalf of his professional association against Mr. Hamel's estate. Other claims were also filed. If the proceeds from the sale of Mr. Hamel's condominium are entitled to homestead protection, the probate estate apparently will be insufficient to pay in full the timely claims of all creditors.
Ms. White filed a petition to determine homestead property on October 6, 2000. Mr. Parker filed a motion in opposition to the petition to determine homestead. Mr. Parker was the only creditor to contest the homestead determination and the only creditor to appear at the hearing on this issue.
The trial court denied the petition to determine homestead. It issued an order finding that, although the condominium was the homestead property of Mr. Hamel at the time of his death, the property was converted to dollars before a formal homestead determination could occur, and therefore, the proceeds of the sale were not exempt from the claims of creditors. Ms. White appeals this order.
The parties agree that the condominium was the homestead property of Mr. Hamel when he died. As such, it was exempt from the claims of Mr. Hamel's creditors pursuant to article X, section 4 of the Florida Constitution. The parties also agree that, generally, homestead property passes free of claims of the decedent's creditors if the devisee of the property under the will is an heir of the decedent, that is, someone within the class of persons who could be a beneficiary of the decedent under the laws of intestacy. See Snyder v. Davis, 699 So.2d 999, 1002 (Fla. 1997); Monks v. Smith, 609 So.2d 740, 742 (Fla. 1st DCA 1992). Mr. Hamel's two daughters clearly meet this requirement. See § 732.103(1), Fla. Stat. (2000) (designating lineal descendants as beneficiaries of intestate estates).
The parties disagree, however, on the application of these basic rules to the facts of this case. Each side has argued its case well and in detail. Mr. Parker primarily argues that, although the property was Mr. Hamel's homestead on the date of his death and his daughters were heirs, the property became an asset of the probate estate until an order determining homestead could be obtained. Because the property was sold before such a determination was made, he argues that the homestead status was destroyed and the proceeds from the homestead became an *1279 estate asset subject to creditor's claims. He seems to concede that the proceeds would have been protected if the sale had been deferred until after the entry of an order determining homestead.
Ms. White argues that the heirs' right to homestead protection attached at the moment of the decedent's death. She maintains that the property never entered the estate. Even if the property became an asset of the probate estate for the purposes of administration, she argues that the homestead status was established by the law and the facts at the time of death and that subsequent events did not change the status of the property. Accordingly, she asserts that the probate court was obligated to enter an order declaring the condominium as homestead property.
There was a time in history when only decedents without children could dispose of a homestead by will. See Walker v. Redding, 40 Fla. 124, 23 So. 565, 566 (1898) (citing art. X, § 4, Fla. Const. (1885)). Unless the decedent had no children, the homestead was not considered a part of the probate estate and descended to the appropriate heirs by operation of law. See Hedick v. Hedick, 38 Fla. 252, 21 So. 101 (1896).[1] In 1968, the Florida Constitution was revised to allow a devise of homestead unless a decedent was survived by a spouse or minor children. Art. X, § 4(c), Fla. Const. (1968).
Despite the change in the constitution, Florida courts have continued to hold that homestead does not become a part of the probate estate unless a testamentary disposition is permitted and is made to someone other than an heir, i.e., a person to whom the benefit of homestead protection could not inure. See Clifton v. Clifton, 553 So.2d 192, 194 n. 3 (Fla. 5th DCA 1989) (noting, "[h]omestead property, whether devised or not, passes outside of the probate estate"); Cavanaugh v. Cavanaugh, 542 So.2d 1345, 1352 (Fla. 1st DCA 1989) (holding transfer of probate jurisdiction to circuit court did not change law that homestead is not asset of probate estate). See also § 733.607(1), Fla. Stat. (2000) (requiring a personal representative to take control of all of the decedent's property "except the protected homestead").
Some opinions, however, have recognized that homestead property can become part of the probate estate in unusual circumstances. The best, and perhaps the only, recognized exception to the general rule occurs when the will specifically orders that the property be sold and the proceeds be divided among the heirs. See Knadle v. Estate of Knadle, 686 So.2d 631 (Fla. 1st DCA 1996); Estate of Price v. W. Fla. Hosp., Inc., 513 So.2d 767 (Fla. 1st DCA 1987). Mr. Parker attempts to extend this exception to a situation in which the personal representative is given the option to distribute the property either in kind or through the proceeds of a sale.
This court interpreted Price narrowly in Tudhope v. Rudkin (In re Estate of Tudhope), 595 So.2d 312 (Fla. 2d DCA 1992), and we continue to do so today.[2] Generally, *1280 property rights passing by virtue of the death of a person vest at the time of death. See § 732.101(2), Fla. Stat. (2000) (involving intestate estates); § 732.514, Fla. Stat. (2000) (involving devises); Rice v. Greenberg (In re Estate of Rice), 406 So.2d 469, 473 (Fla. 3d DCA 1981) (involving remainder interests); Estate of Broome, 375 So.2d 594 (Fla. 5th DCA 1979) (involving dower). The same has been held true for homestead. See Wilson v. Fla. Nat'l Bank & Trust Co., 64 So.2d 309, 313 (Fla.1953) (holding that appropriate time to determine homestead status is at death of the decedent, regardless of whether property thereafter continues to be homestead). If the property is homestead on the date of death, the homestead protection is impressed upon the land and the protection from creditors' claims inures to the benefit of the heirs to whom the property is devised. See Bartelt v. Bartelt, 579 So.2d 282, 283 (Fla. 3d DCA 1991) (noting, "[t]he test is not how title was devolved, but rather to whom it passed").
Moreover, homestead rights exist and continue even in the absence of a court order confirming the exemption. See Raulerson v. Peeples, 77 Fla. 207, 81 So. 271 (1919); Clifton, 553 So.2d at 194; Cavanaugh, 542 So.2d at 1351. Thus proceedings to determine whether a property is homestead are permissive, not required. See Fla. Prob. R. 5.405(a) (providing an interested person may file a petition to determine homestead property); Clifton, 553 So.2d at 194. Generally, petitions to determine homestead are initiated for the practical purposes of changing record title to the property or releasing the personal representative of any obligation regarding the property. See Rohan Kelley, Homestead Made Easy, Part I: Understanding the Basics, 65 Fla. B.J. 17, 20 (Mar.1991). Such proceedings are similar to actions for declaratory relief that explain or clarify existing rights rather than determine new rights.
In this case, it is not critical to decide whether the condominium was ever property of the estate. Instead, it is merely necessary to determine that the heirs' homestead rights vested prior to the time the property was converted to cash. Because this property does not fall into the narrow exception created in Price, we conclude that the heirs' homestead rights attached prior to the transfer and that the proceeds of that sale are protected from the claims of the decedent's creditors. See Thompson v. Laney, 766 So.2d 1087 (Fla. 3d DCA 2000); Tudhope, 595 So.2d 312.
We therefore reverse the order on appeal and remand for further proceedings consistent with this opinion.
STRINGER and DAVIS, JJ., concur.
NOTES
[1] In fact, because the county courts had jurisdiction over probate matters and only circuit courts had jurisdiction to determine real property rights such as homestead, see Spitzer v. Branning, 135 Fla. 49, 184 So. 770 (1938), any proceeding to establish homestead had to be brought separately, outside of the probate estate. In 1976, jurisdiction over probate was transferred to the circuit courts, such that a circuit court could conceivably have general jurisdiction over both the homestead real property and the probate estate. See Cavanaugh v. Cavanaugh, 542 So.2d 1345, 1352 (Fla. 1st DCA 1989).
[2] Price is a very short opinion that does not elaborate on its reasoning. It is not entirely clear whether the heirs in Price could have demanded that the homestead not be sold, but rather be delivered to them in kind in light of their homestead rights.