913 So.2d 749 (2005)
Deleana HARRELL, Appellant,
v.
Jean SNYDER, Kyla Renee S. Palmiter, et al., Appellees.
No. 5D04-1961.
District Court of Appeal of Florida, Fifth District.
November 4, 2005.
Lisa L. Hogreve, of Hogreve & Hogreve, LC., Cocoa, for Appellant.
Tino Gonzalez, Melbourne, for Appellees.
PLEUS, C.J.
The issue presented by this appeal concerns the legal authority of a personal *750 representative to take possession of and to sell protected homestead property.
Deleana Harrell appeals from an order which determined that certain real property (the Baker Road property) was the homestead of her deceased father, Gerald Hugh Schmitz. The order, as well, validated certain actions of the personal representative with respect to the property.[1] At oral argument, we were informed the property consists of a mobile home and a lot. Both sides agree the property was Schmitz's homestead at the time of his death on January 27, 2001, in Brevard County.
The decedent is survived by three adult daughters, Deleana Harrell, Jolene Yost and Kyla Palmiter. The decedent's will provided that his spouse, Jean Snyder, inherit all his real and personal property. However, the decedent and Jean had divorced years before his death, and as the decedent's ex-spouse at the time of his death, Jean was considered to have predeceased the decedent. Accordingly, as per the residuary clause of the decedent's will, all his real property passed to a trust, of which the decedent's three daughters were beneficiaries. At the time of the decedent's death, the trust had terminated by its own terms based on the beneficiaries having reached the age of majority.
Deleana Harrell, contending that Jean Snyder, the personal representative of the estate, had acted improperly with respect to the Baker Road property, filed an amended petition to determine the homestead status of the property. In her amended petition, Harrell alleged that the homestead property had been validly devised because at the time of the decedent's death, he had no spouse and no minor children. Harrell continued that Snyder had taken possession of the property and sold it to her sister's father-in-law, Leonard Yost, over Harrell's objection. Harrell asked that the court declare that title to the property passed at the decedent's death to his adult daughters; that the deed to Leonard Yost be declared a nullity; and that Yost surrender possession of the property.[2]
The sale of the property to Yost occurred in February, 2002. There are indications the property was in disrepair with a mortgage in default. Following a hearing, the court entered an order determining homestead status. The court ruled that the Baker Road property was protected homestead, and that accordingly, the proceeds from the homestead's sale were likewise protected and not subject to claims of unsecured creditors. The court reasoned that section 733.608(2), Florida Statutes, gave the personal representative the discretionary power to take possession of homestead property to protect it for the benefit of the heirs, and that Snyder did not act improperly in taking possession of the Baker Road property. The court also concluded that the personal representative was authorized to take possession of the homestead property where the devise of said property was by way of the residuary clause in the will. The court added that the will gave the personal representative the authority to sell the property and that the parties could seek further relief for a *751 determination of whether the terms of the sale of the homestead property comports with Florida law, particularly the cases of In re Granger, 318 So.2d 509 (Fla. 1st DCA 1975), and Estate of Price v. West Florida Hospital, Inc., 513 So.2d 767 (Fla. 1st DCA 1987).
There is no dispute as to the trial court's determination that the Baker Road property is protected homestead property of the decedent as per section 731.201(29), Florida Statutes (2004), which provides:
"Protected homestead" means the property described in s. 4(a)(1), Art. X of the State Constitution which at the death of the owner the exemption inures to the owner's surviving spouse or heirs under s. 4(b), Art. X of the State Constitution. For purposes of the code, real property owned as tenants by the entirety is not protected homestead.
As protected homestead property, it is exempt from the claims of the decedent's creditors. Art. X, s. 4, Fla. Const. Additionally, as a general proposition, homestead property passes free of claims of the decedent's creditors if the devisee of the property is an heir of the decedent, that is, someone within the class of persons who could be a beneficiary of the decedent under the laws of intestacy. Snyder v. Davis, 699 So.2d 999 (Fla.1997); In re Estate of Hamel, 821 So.2d 1276, 1279 (Fla. 2d DCA 2002). The decedent's daughters meet this requirement. § 732.103(1), Fla. Stat.
The disagreement in this case relates to the authority of the personal representative over the protected homestead property. Specifically, did the personal representative have legal authority to take control of the homestead property, and if so, could the personal representative then sell the protected homestead to a third party purchaser?
An amendment to the Florida Constitution in 1968 provides that homestead property is freely devisable when the decedent is not survived by a spouse or minor children. Art. X, § 4(c), Fla. Const. (1968). Schmitz was survived by neither and thus could validly devise his homestead through the residuary clause in his will. In re Estate of Mahaney, 903 So.2d 234 (Fla. 2d DCA 2005); Clifton v. Clifton, 553 So.2d 192 (Fla. 5th DCA 1989); City Nat'l Bank of Florida v. Tescher, 557 So.2d 615 (Fla. 3d DCA 1990).
Case law, including a decision out of this district, reflects that homestead does not become a part of the probate estate unless a testamentary disposition is permitted and is made to someone other than an heir, i.e., a person to whom the benefit of homestead protection could not inure. Hamel, 821 So.2d at 1279; Clifton, 553 So.2d at 194, n. 3 ("Homestead property, whether devised or not, passes outside of the probate estate. Personal representatives have no jurisdiction over nor title to homestead, and it is not an asset of the testatory estate"); Cavanaugh v. Cavanaugh, 542 So.2d 1345 (Fla. 1st DCA 1989) (homestead is not an asset of the probate estate).
Case law further recognizes "that homestead property can become part of the probate estate in unusual circumstances." Hamel, 821 So.2d at 1279. The Hamel court noted that the "best and perhaps only exception to the general rule occurs when the will specifically orders that the property be sold and the proceeds divided among the heirs." Id., citing Knadle v. Estate of Knadle, 686 So.2d 631 (Fla. 1st DCA 1996); Estate of Price, 513 So.2d at 767; accord Thompson v. Laney, 766 So.2d 1087 (Fla. 3d DCA 2000). The instant will does not contain such specific instruction. The court in Hamel went on to reject an extension of the exception to *752 the typical situation where, as here, the personal representative is given the option in the residuary clause to distribute the decedent's property either in kind or through the proceeds of a sale. 821 So.2d at 1279-80.
Next, the relevant statutes governing administration of estates must be examined. Subsection 733.607(1), Florida Statutes (2001), entitled "Possession of estate," provides in relevant part:
Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property except the homestead.

An amendment to this subsection, effective January 1, 2002, added the word "protected" before the word "homestead." The effect, however, appears unchanged: the personal representative is authorized to take possession of the decedent's property save for the homestead.
Section 733.608, Florida Statutes (2001), as worded at the time of the decedent's death, delineated the general powers of the personal representative and provided that:
All real and personal property of the decedent, except the homestead, within this state . . . shall be assets in the hands of the personal representative. . . .
A complication arises, however, because section 733.608 was amended effective January 1, 2002, and again effective June 12, 2003. The January 1, 2002 amendment added subsection (2) to the statute to provide:
If property that reasonably appears to the personal representative to be protected homestead is not in the possession of a person who appears to have an interest in the property, the personal representative is authorized, but not required, to take possession of that property for the limited purpose of preserving, insuring, and protecting it for the heir or devisee, pending a determination of its homestead status. If the personal representative takes possession of that property, any rents and revenues may be collected by the personal representative for the account of the heir or devisee, but the personal representative shall have no duty to rent or otherwise make the property productive.
This subsection, relied upon by the trial court, gives the personal representative the authority to take possession of protected homestead property where necessary to protect it for the heirs. It does not, however, authorize the personal representative to sell the property. This amendment does not impair vested rights but is entirely remedial in nature, designed to safeguard the value of homestead property. As such, section 733.608 was correctly applied to this estate even though the decedent died before its effective date. See Basel v. McFarland & Sons, Inc., 815 So.2d 687 (Fla. 5th DCA 2002). The trial court determined that protection of the homestead for the benefit of the heirs was one basis for the personal representative's authority to take possession of the protected homestead. The record contains no basis for disturbing this factual determination.[3]
*753 Mention must be made at this point of the fact that the trial court additionally based its ruling in favor of the personal representative on the fact that the devise of the homestead property is by way of the residuary clause of the will with the court relying on Warburton v. McKean, 877 So.2d 50 (Fla. 4th DCA 2004).
Very recently in McKean v. Warburton, 30 Fla. L. Weekly S613, ___ So.2d ___, 2005 WL 2155180 (Fla. Sept. 8, 2005), the Florida Supreme Court quashed the Fourth District's decision and held that where homestead property is not specifically bequeathed but passes through a residuary clause to an heir or heirs of the decedent, the property, in the absence of a specific testamentary directive otherwise, is not subject to forced sale and cannot be used to satisfy a general bequest of cash. The court emphasized that protected homestead property under such circumstances is not part of the probate estate. Section 733.608(2), Florida Statutes, which authorizes a personal representative to take control of protected homestead property where necessary to protect it for the heirs, was not implicated in McKean, as it is here.
Having concluded that section 733.608(2), Florida Statutes (2002), was properly invoked by the trial court as authorizing the personal representative to take possession of the Baker Road property for the protection of the heirs, the remaining question concerns the actual authority of the personal representative to then sell the property. The trial court noted that the decedent's will gives the personal representative the authority to sell real estate and to dispose of "all or any part of the assets of the estate." However, as recently reiterated in McKean, protected homestead property is not property of the probate estate. While section 733.608(2) gives the personal representative authority to take possession of homestead property to preserve it, it does not grant to the personal representative the power to sell said property.
In connection with the actual sale, the trial court referenced two decisions, In re Granger, 318 So.2d 509 (Fla. 1st DCA 1975) and Estate of Price v. West Florida Hospital, Inc., 513 So.2d 767 (Fla. 1st DCA 1987), which the court stated would control whether the sale to Yost was in good faith and thus valid. Neither addresses the authority of the personal representative to sell homestead property under the facts presented here. Granger did not involve sale of protected homestead property, but concerned the principles applicable where a personal representative, in accordance with authority contained in a will, seeks court approval to sell real property in order to pay expenses of administration. The appellate court stated that factors to be considered in the decision to approve/disapprove such sale include adequacy of consideration, good faith, whether the transaction will benefit one or more of the beneficiaries to the detriment of others, and whether or not fraud is involved.
Price involved a situation where, unlike here, the will expressly directed sale of the homestead property with proceeds to be divided among the decedent's adult children. The appellate court affirmed the ruling that, given the directive, the proceeds of such sale lacked homestead protection and were available to satisfy the claims of the decedent's creditors.
We are sympathetic to the attempt by the able trial judge to fashion a pragmatic solution to a difficult problem. Because we are unable to discern any legal authority for the personal representative to sell the protected homestead property, the personal representative acted without legal authority in conveying the protected homestead property to Yost. That portion of the *754 order on appeal ruling that the personal representative had authority to sell the homestead property is reversed. The cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Jurisdiction is predicated on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) (non-final order determining the right to immediate possession of property).
[2] Harrell additionally filed a motion to remove Snyder as personal representative and to have herself appointed as successor personal representative. Harrell also filed a petition to surcharge personal representative asking that damages be assessed against Snyder for various alleged breaches of her fiduciary duties. These matters are not before this Court in the instant appeal.
[3] A June 12, 2003, amendment to section 733.608 creates subsections (3) through (12) which, inter alia, authorize the personal representative to expend funds or incur obligations to preserve the homestead property and to obtain a lien on the property to secure repayment. However, subsection (13) expressly provides that this amendment applies to estates of decedents dying after its effective date. Accordingly, this amendment by its terms has no application to this case.