HAZOURI, J.
 

 This appeal arose from ongoing litigation regarding the administration of the Estate of Joseph M. Herrilka, the decedent. At issue for the lower tribunal was
 
 *123
 
 whether the Appellee, Christine P. Yates, as the Curator of Joseph’s Estate, had a right to place a lien on Joseph’s homestead real property for attorney’s fees and costs incurred by her while acting on behalf of the Estate. The Appellant, Constance A. Herrilka, who is the alleged second wife of Joseph
 
 [1]
 
 and joint owner of the homestead property, argues that the trial court erred by allowing the imposition of the lien because Yates failed to meet the statutory requirements of section 733.608, Florida Statutes (2008). We agree and reverse.
 

 Yates was appointed as Curator of the Estate when, after Joseph’s death, Kathleen Piascik petitioned for, and was appointed as, the personal representative of the Estate. Upon learning of Kathleen’s appointment, Constance petitioned the trial court for Kathleen’s removal and to have herself appointed as personal representative. The trial court resolved the dispute by removing Kathleen as personal representative and appointing Yates, an attorney, as Curator for the Estate. After her appointment, Yates performed legal services on behalf of the Estate. The services were for the administration of the Estate as a whole. The services were not conducted for the specific purpose of preserving, insuring, and protecting the homestead property. Also, neither party contests the real property’s status as homestead property, which Constance currently occupies.
 

 Pursuant to a motion by Yates, the trial court, under section 733.608, Florida Statutes (2008), imposed a lien on the homestead property.
 
 [2]
 
 The pertinent parts of section 733.608 are:
 

 (2) If property that reasonably appears to the personal representative to be protected homestead is
 
 not occupied by a person who appears to have an interest in the property,
 
 the personal representative is authorized, but not required, to take possession of that property for the limited purpose of preserving, insuring, and. protecting it for the person having an interest in the property, pending a determination of its homestead status. If the personal representative takes possession of that property, any rents and revenues may be collected by the personal representative for the account of the heir or devisee, but the personal representative shall have no duty to rent or otherwise make the property productive.
 

 (3)
 
 If the personal representative expends funds or incurs obligations to preserve, maintain, insure, or protect the property referenced in subsection (2),
 
 the personal representative shall be entitled to a lien on that property and its revenues to secure repayment of those expenditures and obligations incurred. These expenditures and obligations incurred, including, but not limited to, fees and costs, shall constitute a debt owed to the personal representative that is charged against and which may be secured by a lien on the protected homestead, as provided in this section. The debt shall include any amounts paid for these purposes after the decedent’s death and prior to the personal representative’s appointment to the extent later ratified by the personal representa-
 
 *124
 
 five in the court proceeding provided for in this section.
 

 § 733.608(2)-(3) (emphasis added).
 

 The trial court’s decision to impose the lien pursuant to section 733.608 was improper because, in accordance with the plain meaning of the statute, Yates failed to meet its requirements. This is because: (1) Yates has not, and cannot, take possession of the property, as it is occupied by an “interested person;” and (2) the fees incurred by Yates for which the lien was imposed were not incurred for the purpose of preserving, maintaining, insuring, or protecting the homestead property.
 

 With respect to section 733.608, subsection (3) allows for imposition of a lien on “property referenced in subsection (2).” § 733.608(3). The property referenced in subsection (2) is “protected homestead” that “is not occupied by a person who appears to have an interest in the property” which the personal representative has “take[n] possession of ... for the limited purpose of preserving, insuring, and protecting it for the person having an interest in the property.”
 
 Id.
 
 § 733.608(2). For purposes of probate litigation, the Florida Legislature has defined an “interested person” as “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.”
 
 Id.
 
 § 731.201(23). In order to impose a lien, section 733.608(3) also requires that the “expenditures and obligations incurred,” which include “fees and costs,” for which the lien is imposed were incurred for the purpose of “preserving], maintaining], insuring], or protecting]” the homestead property.
 

 In this case, the trial court erred in imposing the lien because the homestead property was never taken into possession, either legally or factually, by Yates, as Constance still occupies it. This failure to take possession negates a claim for the imposition of the lien because, to do so, section 733.608 first requires that the personal representative take possession of the property “for the limited purpose of preserving, insuring, and protecting it.” § 733.608(2). Furthermore, Yates cannot legally take possession of the property because it is “occupied by a person who appears to have an interest in the property,”
 
 id.,
 
 i.e., Constance. Constance is an “interested person” because, by potentially being Joseph’s surviving spouse and joint owner of the property, as well as being the property’s current occupant, she is a “person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.”
 
 Id.
 
 § 731.201(23).
 

 Even if Yates met the threshold possession requirement of section 733.608, the lien was still not properly imposed. This is because the expenses the lien represents were incurred for legal services having to do with the administration of the Estate. The services, as required by section 733.608(3), were not incurred for the specific purpose of preserving, maintaining, insuring, or protecting the homestead property.
 

 Accordingly, the imposition of the lien was improper because it failed to meet the requirements of section 733.608. We, therefore, reverse its imposition.
 

 Reversed.
 

 FARMER and GERBER, JJ., concur.
 

 [1]
 

 . A matter pending in the lower court is the validity of Constance's marriage to Joseph, as there is a question regarding the dissolution of his previous marriage to Kathleen Piascik.
 

 [2]
 

 . Yates, as Curator, is subject to the same rights and responsibilities under the law as a personal representative, as Florida Probate Rule 5.122(g) states that "[cjurators shall be subject to the provisions of these rules and other applicable law concerning personal representatives.”