PER CURIAM.
 

 We affirm the trial court’s order determining that two units in an apartment complex owned by the deceased constituted her homestead and passed to appellant, her son, in accordance with constitutional provisions. Appellant’s claim that the court should have included another two units as homestead is a factual determination, and appellant has failed to supply a record or transcript for this court to review.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979).
 

 Appellant also appeals an order evicting him from the entire premises of the apartment building and directing the personal representative to recover possession of the entire premises. Although no transcript is provided, and the appellant failed to appear at the hearing on the eviction, the order is fundamentally erroneous on its face in that it purports to evict appellant from the homestead premises and place them in the possession of the personal representative. As the court had already determined that the property was homestead, and thus not part of the decedent’s estate, the personal representative had no possessory interest in it.
 
 See Herrilka v. Yates,
 
 13 So.3d 122 (Fla. 4th DCA 2009);
 
 Harrell v. Snyder,
 
 913 So.2d 749 (Fla. 5th DCA 2005).
 

 We reverse the order of eviction with instructions to modify the order to exclude that portion of the property which the court has already designated as homestead. While the personal representative claims that appellant is thwarting the personal representative’s ability to maintain the remainder of the property, remedies must be sought other than to dispossess appellant from his own property where the personal representative has no ownership interest in the homestead.
 
 See, e.g., Wescott v. Wescott,
 
 487 So.2d 1099 (Fla. 5th DCA 1986) (holding that husband could seek partition of property despite wife’s claim of homestead).
 

 WARNER, POLEN and TAYLOR, JJ., concur.