MORRIS, Judge.
 

 Elizabeth Boren appeals a final order wherein the circuit court determined that Boren’s mother’s contractual interest in a condominium — which was owned by Boren’s mother at the time of her death — was not homestead property protected from claims of creditors. By virtue of this determination, the value of the contractual interest was included in Boren’s mother’s estate, and as a result, the amount payable to SunTrust for its services in acting as the personal representative of the estate was increased. Likewise, the amount payable to SunTrust’s attorney was also increased. Based upon the warranty deed which conveyed only a life estate to Boren’s mother, as well as the repurchase agreement executed by Boren’s mother and the condominium association, we conclude there is no error, and we affirm.
 

 I. Background
 

 Boren’s parents, Walter Lowry Small and Jane Harris Small, purchased a life estate in the condominium in July 2000.
 
 [1]
 
 At that same time, the Smalls entered into a repurchase agreement with the Sarasota Bay Club, LLC (SBC). The subject warranty deed provided that “[t]he Repurchase Agreement executed between Grant- or and Grantee ... herewith establishes Grantor’s exclusive right to sell the Unit to a third party upon the termination of the Life Estate granted herein.” The repurchase agreement provided in relevant part that the life estate would terminate upon the occurrence of three different scenarios, one of which was the death of the buyer, and that upon the death of the buyer, “the Buyer’s interest or estate in the Unit shall automatically terminate and fee simple title shall be vested in Seller.”
 

 Upon termination of the life estate, the repurchase agreement required SBC to attempt to sell the condominium for the benefit of the heirs of the holder of the life estate, and if SBC was unable to do so within a one-year timeframe, SBC was required to pay the heirs of the holder of the life estate for the condominium.
 

 Mrs. Small died on December 12, 2007. Her will was admitted to probate, and SunTrust was appointed as the estate’s representative. After SunTrust filed the initial inventory of the estate’s assets and a petition for discharge with the circuit court, Boren filed objections and sought review of SunTrust’s compensation.
 
 *1158
 
 Thereafter, in March 2010, SunTrust filed an amended inventory wherein it classified the condominium as nonexempt homestead.
 

 After a hearing, the circuit court determined that the condominium was not protected homestead property and, therefore, overruled Boren’s objections to the fees and charges imposed by SunTrust. In rendering its decision, the circuit court stated that “the deceased exchanged and negotiated away the homestead character of the condominium by negotiating and signing a buy back agreement with a life estate provision for financial and personal benefit, [which] negate[d] the homestead character of the property.” We agree with this determination.
 

 II. Analysis
 

 [T]he purpose of the homestead exemption is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law.
 

 Pub. Health Trust of Dade Cnty. v. Lopez,
 
 531 So.2d 946, 948 (Fla.1988). However, in this case, the decedent did not have a home which she could have conferred upon her heirs. This is because the decedent’s interest in the condominium was limited to a life estate and upon her death, the life estate ended.
 
 See Anemaet v. Martin-Senour Co.,
 
 114 So.2d 23, 26-27 (Fla. 2d DCA 1959) (“When the estate or interest of the owner ends, the homestead exemption of the owner of such property necessarily terminates.”). Thus, the decedent’s estate had only a contractual right to receive the proceeds from the sale of the condominium, which were not subject to homestead protected status, and the proceeds could then be transferred to the decedent’s heirs.
 

 We reject Boren’s argument that
 
 White v. Theodore Parker, P.A.,
 
 821 So.2d 1276 (Fla. 2d DCA 2002), controls the outcome of this case. In
 
 White,
 
 this court was asked to decide whether a property lost its homestead protected status where, prior to the entry of an order determining that the property was protected, the decedent’s heirs sold the property pursuant to a real estate contract entered into prior to the decedent’s death.
 
 Id.
 
 at 1277. We held that because the decedent died prior to the completion of the sale of the property— and, therefore, died holding title to the property — the property was protected as his homestead and that, as a result, the proceeds from the sale of the property were protected by the homestead protection.
 
 Id.
 
 at 1277,1280.
 

 Here, Boren’s argument is fatally undermined by the fact that the decedent never had more than a life estate interest in the condominium which terminated upon her death with fee simple title reverting back to SBC. Just as the life estate terminated upon the decedent’s death, so too did any homestead protection the decedent enjoyed. These facts distinguish this case from
 
 White,
 
 and because the decedent could not give away more than what she had, Boren was never entitled to claim a homestead exemption on the proceeds of the sale of the condominium.
 

 Accordingly, the decision of the circuit court is affirmed.
 

 LaROSE and BLACK, JJ., Concur.
 

 [1]
 

 . Mr. Small predeceased Mrs. Small.