DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD DESBRUNES,**
Appellant,

v.

**US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-AM1,**
Appellee.

No. 4D2022-2647

[May 8, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. CACE19002572.

S. Alan Johnson of Sajlaw P.A., Fort Myers, for appellant.

Sara F. Holladay, Emily Y. Rottmann, and Kathleen Dackiewicz of McGuireWoods LLP, Jacksonville, for appellee.

Adam A. Diaz and Roy A. Diaz of Diaz Anselmo & Associates, P.A., Fort Lauderdale, David Rosenberg of Robertson, Anschutz & Schneid, Crane & Partners, PLLC, Boca Raton, and J. Anthony Van Ness of the Van Ness Law Firm, PLC, Deerfield Beach, for Amicus Curiae-Members of the USFN, American Legal & Financial Network, and the Legal League Members.

**ON APPELLEE'S MOTION FOR REHEARING OR, ALTERNATIVELY,
MOTION FOR REHEARING EN BANC OR CERTIFICATION**

WARNER, J.

We grant the motion for rehearing, withdraw our prior opinion, and issue the following in its place.

Appellant challenges a final judgment of foreclosure, contending the trial court erred in granting foreclosure without the proper substitution of parties pursuant to Florida Rule of Civil Procedure 1.260(a)(1), for the borrower/property owner who had died during the proceedings. As the property was the decedent's homestead, a legal representative of the decedent, such as a personal representative, did not have to be appointed, because homestead passes outside

any administration of the decedent's estate.[1]  *See Clifton v. Clifton*, 553 So. 2d 192, 194 n.3 (Fla. 5th DCA 1989) ("Homestead property, whether devised or not, passes outside of the probate estate.  Personal representatives have no jurisdiction over nor title to homestead, and it is not an asset of the testatory estate."); *Ray v. Rotella*, 425 So. 2d 94, 96 n.3 (Fla. 5th DCA 1982) ("The estate of a decedent is not an entity that receives the title and passes it on to the heirs or devisees if not conveyed to others for other purposes during administration."). Accordingly, we affirm the final judgment of foreclosure.

*Affirmed.*

DAMOORGIAN and FORST, JJ., concur.

*       *       *

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***

---

[1] In our withdrawn opinion, we overlooked the fact that the property was homestead, which was not expressly pointed out by appellee in its briefing.  However, appellee did argue that it had complied with rule 1.260 by substituting the heirs.  Because the property is homestead, we agree.