513 So.2d 767 (1987)
In re ESTATE OF Margarette PRICE, Deceased, Appellant,
v.
WEST FLORIDA HOSPITAL, INC., Appellee.
No. 87-135.
District Court of Appeal of Florida, First District.
October 7, 1987.
Edward P. Fleming and Jeffrey T. Sauer, of Smith, Sauer & Walker, P.A., Pensacola, for appellant.
Terry B. Boutwell, of Hayt, Hayt & Landau, Pensacola, for appellee.
PER CURIAM.
The decedent, Margarette Price, died testate on July 15, 1986. At the time of her death she occupied a house which was her homestead. Fla. Const. art. X, § 4. In her will she directed that the house be sold and that the proceeds from the sale be divided equally between her adult son and daughter. Appellee West Florida Hospital, a creditor of the decedent, filed a petition claiming that the proceeds of such a sale possessed no homestead character and that therefore they were available to satisfy the claims of the decedent's creditors.
Relying on Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla. 1962) the circuit court concluded that upon the sale of the house the proceeds became an asset of the estate subject to the claims of decedent's creditors. We agree. Pursuant to Orange Brevard, if Mrs. Price had sold her house during her lifetime and distributed the proceeds to her two children, those proceeds would unquestionably lose their homestead character and would be subject to the claims of her creditors. This result is not altered because the sale, with no intent to reinvest the proceeds, took place following her death in accordance with the directions in her will. Accordingly, the decision of the circuit court is AFFIRMED.
BOOTH and SHIVERS, JJ., and BOWER, N. RUSSELL, Associate Judge, concur.