CAMPBELL, Acting Chief Judge.
Sun First National Bank of Polk County, as personal representative of the estate of Margaret W. Fry, deceased, challenges the trial court order finding that where decedent’s surviving spouse had validly waived his homestead rights and there were no minor children, decedent’s homestead property would pass directly to the lineal heirs, appellees. Sun First maintains that the property should pass by decedent’s will. We agree. City Nat’l Bank of Florida v. Tescher, 578 So.2d 701 (Fla.1991); Hartwell v. Blasingame, 564 So.2d 543 (Fla. 2d DCA 1990).
Decedent died testate on November 3, 1987, survived by six adult lineal descendants and a spouse who had waived his homestead rights. Decedent’s will devised her homestead property to a testamentary trust, not to her spouse or lineal descendants.
The lineal descendants argue that they are entitled to the property under the homestead provisions of the Florida Constitution and statutes. Those provisions prohibit the devise of homestead if there is a surviving spouse or minor children, with one exception: If there are no minor children, homestead property may be devised to a surviving spouse. Art. X, § 4, Fla. Const.; § 732.4015, Fla.Stat. (1989). Under section 732.401(1), Florida Statutes (1989), if the homestead is not properly devised according to these provisions, it descends by intestacy, with the spouse taking a life estate and a vested remainder going to the lineal descendants.
The decedent’s lineal descendants maintain that because decedent was survived by a spouse, her will, devising the property to a trust, constituted an improper devise, bringing section 732.401(1) into operation, under which the property would pass by intestacy to them since decedent’s spouse had validly waived his rights to the proper *870 ty. The trial court agreed, finding the lineal descendants were entitled to the property.
However, the Florida Supreme Court has recently ruled in accord with our decision in Hartwell on this issue, holding: “[W]hen a decedent is survived by no minor children and the surviving spouse has waived homestead rights, there is no constitutional restriction on devising homestead property.” 578 So.2d at 703.
Accordingly, we reverse the decision of the trial court. We observe, in doing so, however, that the trial court decision was issued very shortly after this court’s opinion in Hartwell so that the trial court may not have had the benefit of Hartwell in reaching its decision.
FRANK and ALTENBERND, JJ., concur.