595 So.2d 312 (1992)
In re ESTATE OF Roger B. TUDHOPE, Deceased.
Kevin Lawrence TUDHOPE and Gary M. Fernald as Guardian Ad Litem for Brian James Tudhope, a minor, Appellants,
v.
Alan RUDKIN as Personal Representative of the Estate of Roger B. Tudhope, Deceased, Errol R. Gard, Ellis P. Hyman, D.D.S., and Moss-Feaster Funeral Homes, Inc., Appellees.
No. 91-01879.
District Court of Appeal of Florida, Second District.
March 27, 1992.
Gary M. Fernald, Clearwater, for appellants.
Carleton L. Weidemeyer, Clearwater, for appellee Alan Rudkin.
FRANK, Acting Chief Judge.
When Roger Tudhope died, testate, he was survived by two minor children and possessed of an adult condominium subject to a mortgage. A probate proceeding was initiated. In an order issued by the probate court the condominium was found to be a homestead within the meaning of Article X, Section 4 of the Florida Constitution and that title to the property passed to the two minor children as tenants in common. The order also directed the personal representative to surrender the condominium to the guardian of the minor children. The children, however, were unable to meet the mortgage and maintenance fee obligations associated with the condominium. The mortgagee agreed to refrain from foreclosure pending sale of the property and the personal representative was authorized to effect its sale. At closing, the title company revealed that an unsatisfied judgment *313 existed in favor of Errol Gard in the amount of $4,400. As a result of that fact, the net proceeds of the sale, $8,048, were placed in escrow. Following expiration of the time within which creditors were to assert claims against Tudhope's estate, Gard filed a claim. Two other creditors, however, Moss-Feaster Funeral Home, Inc., and Ellis P. Hyman, had filed timely claims. The probate court entered a judgment concluding that the net proceeds deriving from the sale of the property could be reached by Tudhope's creditors.
The trial court determined that because the minor children did not contemplate, prior to or at the time of the sale, to reinvest the proceeds in another homestead, this matter was controlled by Orange Brevard Plumbing & Heating Company v. LaCroix, 137 So.2d 201 (Fla. 1962) and Estate of Margarette Price v. West Florida Hospital, 513 So.2d 767 (Fla. 1st DCA 1987). Neither LaCroix nor Price will support the result reached by the trial court.
In Price the First District, relying upon LaCroix, noted that "upon the sale of the house the proceeds became an asset of the estate subject to the claims of decedent's creditors." Price, 513 So.2d 767. The factual setting in Price warranted the application of the LaCroix principle. Price's will directed that the homestead be sold and the proceeds divided equally between her two adult children. The conclusion in Price that the proceeds lost their homestead character and were subject to the claims of the descendant's creditors was unquestionably correct. Here, however, the homestead estate was not converted to dollars before it passed to and vested in Tudhope's minor children. It is that significant fact which condemns the application of Price and LaCroix to the instant case.
We reverse, vacate the final judgment and remand for further proceedings consistent with this opinion.
THREADGILL, J., and CHARLES B. CURRY, Associate Judge, concur.