609 So.2d 740 (1992)
Eva Norine MONKS, as former Personal Representative of the Estate of George Richard Monks, Deceased, Appellant,
v.
Gregory D. SMITH, Successor Personal Representative of the Estate of George Richard Monks, deceased; the University of Michigan and Livingston University, Appellees.
Nos. 91-1921, 91-2585 and 92-174.
District Court of Appeal of Florida, First District.
December 7, 1992.
Rehearing Denied January 11, 1993.
*741 Steven E. Quinnell of James L. Chase, P.A., Pensacola, for appellant.
Gregory D. Smith of Gregory D. Smith, P.A., Pensacola, pro se.
Jon W. Searcy, Pensacola, for appellee University of Michigan.
Carol H. Stewart of Burr & Forman, Birmingham, for appellee Livingston University.
ALLEN, Judge.
This case presents three consolidated appeals of Eva Norine Monks, former personal representative of the estate of George Richard Monks, arising out of a surcharge action brought against Monks by the successor personal representative, Gregory D. Smith. The trial court issued an order finding that Monks had violated her fiduciary duty to the estate and converted unaccounted for assets of the estate. The court also assessed Monks for all attorneys fees and costs of Smith, as well as those of the intended beneficiaries of the estate, Livingston University and the University of Michigan. Although the deceased had devised his home to Monks, the trial court also issued an order denying Monks's petition to have the property declared homestead and then authorized Smith in another order to convey the decedent's house to the University of Michigan as reimbursement for costs and attorneys' fees of the successor personal representative that the University of Michigan had advanced.
The trial court's determination that Monks converted the unaccounted for assets is amply supported by the evidence at trial. There was also no error in the assessment against Monks of all costs and attorneys' fees in this case. See § 731.201(21), Florida Statutes (1989). We note that Monks did not appeal the order determining *742 Smith's fee and thus cannot raise in this appeal the issue that his fee was excessive. There is no merit to Monks's claim that the trial court erred in ordering her to show cause why she should not be held in criminal contempt for her failure to obey an order of the court directing her to attend the surcharge trial. And there was no error in the trial court's denial of Monks's motion to disqualify because it was untimely. We do conclude, however, that the trial court erred in its treatment of the decedent's residence. We discuss only this latter point.
Monks argues that the trial court erred in not declaring the decedent's residence homestead and in then distributing it to the University of Michigan as payment for Smith's fees and costs that the University of Michigan had advanced. The trial court found that Monks had either waived or was estopped from asserting homestead because she had always treated the property as an asset of the estate, rather than belonging to her personally. The court specifically relied on Monks' having listed the property as nonhomestead on the inventory, having used proceeds from the rents to pay estate expenses, and having collected rent and having sued to recover rent in the name of the estate, rather than in her name individually.
There can be no question but that the property was decedent's homestead during his lifetime. See Art. X, § 4, Fla. Const.; Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla. 1988). The general rule is that the homestead passes free of claims of creditors if the devisee of the property under the will is an heir of the decedent who is entitled to receive property under the laws of intestacy. See id.; Department of Health and Rehab. Serv. v. Trammell, 508 So.2d 422 (Fla. 1st DCA 1987). In this case, Monks was the decedent's sister and only heir under Florida law. See § 732.103, Florida Statutes (1989) (sisters entitled to inherit under intestate succession). Thus, the question is whether Monks waived homestead protection or is estopped from asserting the homestead status of the decedent's residence because of her treatment of the property as an asset of the estate while she was personal representative of the estate.
Monks did not "waive" her rights to homestead protection in the traditional sense. She did not sign a written agreement relinquishing any such rights, see, e.g., City National Bank Of Florida v. Tescher, 578 So.2d 701 (Fla. 1991) (surviving spouse had signed antenuptial agreement that waived interest in the homestead), or otherwise comply with the statutory requirements for disclaimer. See § 732.801, Florida Statutes (1989). The waiver/estoppel argument in this case is premised upon Monks having treated the house as an asset of the estate while she was personal representative. We conclude that Monks's actions, taken in her capacity as personal representative, do not justify a finding of waiver or estoppel.
Where a decedent is survived by a spouse or lineal descendants, homestead property is not regarded as an asset of the estate and is not subject to administration by a personal representative. Spitzer v. Branning, 135 Fla. 49, 184 So. 770, 772-73 (Fla. 1938); Cavanaugh v. Cavanaugh, 542 So.2d 1345 (Fla. 1st DCA 1989). Under such circumstances, the homestead passes to the heirs completely outside of the will, by operation of law. See, e.g., Chapman v. Chapman, 526 So.2d 131, 134 (Fla. 3d DCA 1988). In fact, a homestead may not be devised where a decedent has a spouse or minor children, except to the spouse when there are no minor children, art. X, § 4(c), Fla. Const., and any attempt to effectuate a devise where there is a spouse or minor children will be a nullity. See, e.g., Chapman, 526 So.2d at 134.
In this case, of course, there is no spouse and there are no minor children, and the decedent was therefore free to devise his homestead to his sister. See City National Bank of Florida v. Tescher, 578 So.2d 701 (Fla. 1991) (homestead devised through residuary clause where there were no minor children and the spouse had waived homestead rights). Sun First National Bank of Polk County v. Fry, 579 So.2d 869 (Fla. 2d DCA 1991) (decedent's *743 homestead property passed by will, rather than passing directly to her lineal heirs, where her surviving spouse validly waived homestead rights and there were no minor children). Because the homestead in this case passed by virtue of devise, rather than by operation of law, it must be considered an asset of the estate, although that status does not deprive the beneficiary who is also a legal heir of the right to take the homestead free of claims of the estate. See Bartelt v. Bartelt, 579 So.2d 282, 283 (Fla. 3d DCA 1991) ("the test [for homestead protection] is not how title was devolved, but rather to whom it passed[,]" and thus adult son who was devised homestead took the property clear of creditors' claims).
The homestead in this case was an asset of the estate for purposes of effecting the devise in the will. That Monks treated it as such in collecting rents and bringing suit in the name of the estate was entirely proper. There is nothing in Monks's actions that suggests she was disclaiming her right to take the property free from creditors' claims. Had she affirmatively represented to a third party that the property was not homestead, and that party relied on such representation to his detriment, the appellees would have a classic case of estoppel. However, that is not what happened in this case.
Further, even if the homestead property had not been an estate asset, the fact that Monks in her capacity as personal representative treated the property as an asset of the estate would have no bearing on her individual claim to homestead as a beneficiary and heir under the will. See In re Estate of Cleeves, 509 So.2d 1256 (Fla. 2d DCA), review denied, 518 So.2d 1273 (Fla. 1987), and 518 So.2d 1274 (Fla. 1987). In Cleeves, the appellant argued that a surviving spouse's petition as copersonal representative for an order to include the property at issue as a probate asset and not homestead property evidenced her intent to waive and relinquish her rights to the homestead property. The court soundly rejected that argument:
Valentina B. Cleeves individually and Valentina B. Cleeves as copersonal representative of the decedent's estate are as separate and distinct in law as if they were two different individuals. The petition Mrs. Cleeves filed as copersonal representative of the estate, therefore, would not serve to waive or disclaim any interest which she has as an individual in the decedent's property.
Id. at 1259. See also Cavanaugh, 542 So.2d at 1351 ("mere inclusion of the description of the homestead property in pleadings or orders in probate proceedings does not work to change the status of that property as homestead"). Similarly, in this case, all the acts that appellees claim constitute waiver or estoppel were acts of Monks in her capacity as personal representative. They point to no act that she committed individually that might have evidenced an intent to waive or disclaim her rights to the homestead protection.
The real impetus behind the court's decision seems more closely tied to the alternative reasoning expressed in the order: that Monks' unclean hands should prevent her from taking anything under the will. As the court notes, unclean hands is an equitable defense. However, "[t]he homestead protection has never been based upon principles of equity." Public Health Trust of Dade County v. Lopez, 531 So.2d 946, 951 (Fla. 1988). The surcharge proceeding against Monks may have been entirely appropriate, and certainly Monks will be personally liable for the judgment against her. But that in itself is an entirely separate issue from the legal question of homestead, to which the equitable defense of unclean hands has never applied. Accordingly, we conclude that the court should have declared the decedent's house to be homestead and that it erred in awarding the house to the University of Michigan.
The appellees suggest that the court's error is harmless since the property is not protected "for all time," but is subject to a lien by virtue of the adverse surcharge judgment. The appellees' point seems to be that they will get the house eventually, so no harm was done by awarding it prematurely. This assertion, however, *744 is premised upon the notion that Monks has no other means of satisfying the judgment against her. We do not know this to be true. She may choose to pay off the judgment in cash in order to keep the income-producing property. Thus, we cannot say that the court's error was harmless.
Accordingly, we reverse the order denying the petition to determine homestead real property and the portion of the trial court's order directing the successor personal representative to convey the decedent's homestead to University of Michigan. We affirm as to all other points.
SMITH and WEBSTER, JJ., concur.