686 So.2d 631 (1996)
Michael D. KNADLE, as Personal Representative, Appellant,
v.
ESTATE OF Evangeline Stewart KNADLE, Appellee.
No. 95-3477.
District Court of Appeal of Florida, First District.
November 26, 1996.
Rehearing Denied February 7, 1997.
*632 C. Wharton Cole and John H. Haswell of Chandler, Lang & Haswell, P.A., Gainesville, for Appellant.
Martin S. Friedman of Rose, Sundstrom & Bentley, Tallahassee, for Claimant Arbor Health Care Co.
PER CURIAM.
This cause is before us on appeal from an order of the lower court determining that decedent's homestead property is an asset of the estate, subject to the claims of creditors. Because we find this case controlled by In re Estate of Price v. West Florida Hosp., Inc., 513 So.2d 767 (Fla. 1st DCA), cause dismissed, 518 So.2d 1274 (Fla.1987), we affirm. We also certify a question of great public importance.
On November 14, 1994, Evangeline Stewart Knadle (hereinafter Decedent) died testate at the age of 80. The Decedent had no spouse and was survived by two adult children, Michael Knadle and Katherine Knadle Meiss. Decedent's estate included personal property assets and real property declared as her homestead. Decedent's will contained the following provision relating to the homestead property:
My Personal Representative shall sell my homestead as soon as reasonably practical and the net proceeds thereof shall be added to the residue of my estate. Within 90 days after my death, all occupants of my home shall vacate the premises with all their belongings. The home shall remain vacant until sold.[[1]] My personal Representative in his sole and absolute discretion shall make necessary repairs and improvements to the house to best market the home.
Several parties filed claims against the Decedent's estate, including Arbor Health Care d/b/a Arbors at Orange Park, the facility that provided health care to Decedent in her final months. Specifically, Arbor sought payment of past bills in the amount of $74,440.95. The personal representative, Michael Knadle, filed an objection to Arbor's claim and also filed a petition to determine homestead real estate, asserting that Decedent's homestead was entitled to homestead exemption protection. Following a hearing, the lower court determined that "Since the decedent ... chose to devise her homestead property by Will, and make a gift of the homestead property to her children in that form, the homestead property is an asset of the Estate." The personal representative appealed.
In In re Estate of Price v. West Florida Hosp., Inc., 513 So.2d 767 (Fla. 1st DCA), cause dismissed, 518 So.2d 1274 (Fla.1987), we held that where a testator directs in her will that her homestead be sold and the proceeds divided between her adult children, the proceeds lose their homestead character and become subject to the claims of creditors. See also Elmowitz v. Estate of Zimmerman, 647 So.2d 1064 (Fla. 3d DCA 1994); cf. In re Estate of Tudhope, 595 So.2d 312 (Fla. 2d DCA 1992) (since homestead estate was not converted to dollars before it passed and vested in decedent's children as in Price, proceeds could not be reached by creditors). Here, Decedent's will specifically directed that her homestead be sold and the proceeds placed in the residue for distribution along with her other assets. Because of this devise, the property lost its homestead character and, accordingly, became subject to the claim of Arbor Health Care.
Recognizing the strong public policy of this state protecting the homestead against forced sale,[2] we certify the following question of public importance:
*633 DOES SECTION 4(b), ARTICLE X OF THE FLORIDA CONSTITUTION PROTECT THE PROCEEDS OF THE SALE OF HOMESTEAD PROPERTY WHERE DECEDENT'S WILL DIRECTS THE PERSONAL REPRESENTATIVE TO SELL THE PROPERTY AND PLACE THE PROCEEDS INTO THE RESIDUE OF THE ESTATE FOR DISTRIBUTION TO DECEDENT'S ADULT CHILDREN?
AFFIRMED.
BOOTH, JOANOS and WOLF, JJ., concur.
NOTES
[1] The personal representative has a buyer for the home but will not close on the sale until the conclusion of this case.
[2] See, e.g., Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla.1988) (holding that the plain language of Article X, section 4(b), exempting a decedent's homestead from forced sale by creditors applies to any natural person who is a surviving spouse or heir of the decedent); Hubert v. Hubert, 622 So.2d 1049 (Fla. 4th DCA 1993) (holding that homestead property devised to decedent's son was exempt from creditors even though homested was subject to a life estate of nonheir), rev. denied, 634 So.2d 624 (Fla.1994); Bartelt v. Bartelt, 579 So.2d 282 (Fla. 3d DCA 1991) (holding that exemption from forced sale inured to the decedent's adult son who acquired decedent's homestead property by specific devise through residual clause).