766 So.2d 1087 (2000)
Lyle THOMPSON, as Former Personal Representative of The Estate of Barbara D. Blaisdell, Appellant,
v.
Barbara LANEY and David Thompson, Appellees.
No. 3D99-2221.
District Court of Appeal of Florida, Third District.
July 26, 2000.
Rehearing Denied September 13, 2000.
Broad and Cassel and Michael A. Dribin and Rose Parish-Ramon, for appellant.
Adorno & Zeder and William Jay Palmer and Stephanie G. Kolman, for appellees.
Before JORGENSON, GREEN and SORONDO, JJ.
PER CURIAM.
Barbara D. Blaisdell (decedent), died at age 92 on March 1, 1996. Her will and *1088 four codicils were admitted to probate and Lyle Thompson, her surviving son, was appointed Personal Representative. The will and codicils devised the decedent's residence and approximately 30% of the residue to Thompson, and the remainder of the residue was devised to others, including the decedent's grandchildren, Barbara Laney and David Thompson (Appellees). In June 1996, Thompson filed a petition to determine homestead, asserting that he had contracted to sell the decedent's house for $485,000. An order on the petition was entered on June 6, 1996, and the house was sold the same date. Thompson did not use the proceeds from the sale of the residence to pay any debts, expenses or taxes of the estate.
Following a number of irregularities, Appellees filed a petition for Thompson's removal as Personal Representative and a surcharge. Thompson was ordered to file an interim accounting for the period beginning March 1, 1996 and ending December 31, 1997, and after he did so Appellees filed timely objections. The objections to the interim accounting and the action to remove Thompson as Personal Representative were heard together. Thereafter, the trial court entered a lengthy final order sustaining objections to interim accounting and removing Thompson as Personal Representative. In case number 99-318, this court affirmed per curiam. See Thompson v. Laney, 743 So.2d 525 (Fla. 3d DCA 1999)(table).
Thereafter, Appellees filed a petition to surcharge Thompson and a hearing on the petition was held June 4, 1999. The trial court entered an order on the petition. Thompson appeals certain portions of the order that surcharges him. We find merit in only the first claim and affirm as to all others.
The decedent's homestead was validly devised to Thompson. Under Florida law, the exemption from decedent's creditors inured to Thompson by operation of law, as heir and devisee of the homestead property. See Art. X, § 4, Fla. Const.; see also Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla.1988); Hubert v. Hubert, 622 So.2d 1049 (Fla. 4th DCA 1993); Bartelt v. Bartelt, 579 So.2d 282 (Fla. 3d DCA 1991). In Monks v. Smith, 609 So.2d 740, 742 (Fla. 1st DCA 1992), the Court stated:
The general rule is that the homestead passes free of claims of creditors if the devisee of the property under the will is an heir of the decedent who is entitled to receive property under the laws of intestacy.
The Court went on to say:
Where a decedent is survived by a spouse or lineal descendants, homestead property is not regarded as an asset of the estate and is not subject to administration by a personal representative.
Id.
Based on the cases cited above, we conclude that the trial court erred when it surcharged Thompson for the value of the homestead property. Indeed, Florida law specifically provides that homestead property is not subject to the administration of the court unless the will specifically requires that the property be sold. See §§ 733.607-.608 Fla. Stat. (1995); Knadle v. Estate of Knadle, 686 So.2d 631 (Fla. 1st DCA 1996)(where a testatrix directs in her will that her homestead be sold and the proceeds divided between her adult children, the proceeds lose their homestead character and become subject to the claims of creditors); Estate of Price v. West Florida Hosp., Inc., 513 So.2d 767 (Fla. 1st DCA 1987)(proceeds of sale of testatrix' homestead, pursuant to will directing sale and distribution of proceeds to adult children, lost their homestead character and were subject to creditors' claims). The will in the present case makes no such provision. Under the facts of this case, Thompson was entitled to sell the homestead property and its contents and keep the proceeds of the sale.[1] Accordingly, we *1089 reverse that part of the trial court's order that surcharges Thompson for the value of the homestead property and its contents.
In all other regards we affirm the order under review.
Reversed in part; affirmed in part.
NOTES
[1] We note that our analysis of this issue does not include or affect that portion of the trial court's order that surcharges Thompson for payment of the homestead's real estate taxes for 1994 and 1995 from the estate's assets.