GERSTEN, C.J.
 

 Frank Shefner, Jr. (“Frank”) and Deborah Shefner Van Horn (“Deborah”) appeal from separate orders. We affirm one order and reverse the other.
 

 Frank Shefner, Sr. (“the decedent”) died of a self-inflicted gunshot wound, leaving four surviving adult children: Susan Gor-man (“Susan”), Linda Shefner-Holden (“Linda”), Deborah, and Frank. The decedent’s will named Deborah and Frank as personal representatives, and provided, inter alia:
 

 “I give my son, FRANK SHEFNER, JR. my house at 3420 SW 2nd Street, Miami, Florida. If and when the house is sold by my son, he will divide the proceeds equally among my children. My son is not to be forced to sell the house against his will.”
 

 Linda and Susan challenged the will’s validity, alleging undue influence, and that section 732.802, Florida Statutes (2004) (the “Slayer Statute”), precludes Deborah and Frank from benefiting because they assisted in the decedent’s suicide. Before trial, Linda and Susan voluntarily dismissed the Slayer Statute claim. After trial, the trial court ruled in favor of Deborah and Frank, finding that there was no undue influence.
 

 Subsequently, Frank sold the decedent’s house, and deposited the proceeds into an
 
 *1078
 
 account for distribution to his siblings. Meanwhile, Linda and Susan petitioned to determine the proceeds’ homestead status. Additionally, Deborah and Frank sought attorney’s fees and expenses (from Linda and Susan’s share of the decedent’s estate) for defending the Slayer Statute claim.
 

 The trial court granted Linda and Susan’s petition, and declared that the proceeds were entitled to homestead protection. The trial court also denied Deborah and Frank’s motion for attorney’s fees for defending the Slayer Statute claim. The trial court concluded that the Slayer Statute did not specifically provide for attorney’s fees to Deborah and Frank. Deborah and Frank appeal.
 

 This appeal raises two distinct issues, which we will address separately. The first issue is whether the trial court correctly determined that the homestead sale proceeds were protected from creditors’ claims and administrative expenses of the estate. Deborah and Frank contend the sale proceeds should be available to pay the creditors’ claims and administrative expenses of the estate. Linda and Susan assert that, because the house was the decedent’s homestead at his death, the proceeds from the subsequent sale retained homestead protection. On this issue, we agree that the proceeds from the sale of the property are not subject to the estate’s creditors’ claims and administrative expenses, although not for the trial court’s stated reason.
 

 It is well settled that homestead property devised to an heir is protected from forced sale to pay creditors’ claims of the decedent and administrative expenses of the estate under Article X, Section 4 of Florida’s Constitution.
 
 See, e.g., Pub. Health Trust of Dade County v. Lopez,
 
 531 So.2d 946 (Fla.1988);
 
 Engelke v. Engelke,
 
 921 So.2d 693 (Fla. 4th DCA 2006);
 
 Thompson v. Laney,
 
 766 So.2d 1087 (Fla. 3d DCA 2000). Heirs are those persons entitled to receive property under the laws of intestacy. §§ 731.201(18), 732.103(1), Fla. Stat. (2003);
 
 Snyder v. Davis,
 
 699 So.2d 999, 1003 (Fla.1997). Thus, when devised to a qualified heir, decedent’s homestead property is not distributed as part of the decedent’s estate, and passes directly to the designated heir.
 
 See McKean v. Warburton,
 
 919 So.2d 341, 347 (Fla.2005);
 
 Estate of Hamel v. Parker,
 
 821 So.2d 1276, 1280 (Fla. 2d DCA 2002).
 

 The heir’s sale of the property, after the decedent’s death, does not change the legal consequences of the bequest from the decedent to the heir. After the decedent’s death, the heir has legal ownership of the property, and he or she may sell it without regard to decedent’s creditors or administrative expenses.
 
 See Thompson,
 
 766 So.2d at 1088 (concluding that heir, to whom decedent’s residence was devised, “was entitled to sell the homestead property ... and keep the proceeds of the sale”);
 
 In re Estate of Tudhope,
 
 595 So.2d 312 (Fla. 2d DCA 1992) (holding that proceeds derived from sale of decedent’s homestead property directly devised to decedent’s minor children could not be reached by decedent’s creditors).
 

 When a testator directs that his or her homestead be sold and the proceeds distributed to devisees, the property loses its constitutional protection. In such cases, the decedent is devising money, not homestead property, and the proceeds may be subject to the claims of decedent’s creditors and administrative expenses.
 
 Knadle v. Estate of Knadle,
 
 686 So.2d 631, 632 (Fla. 1st DCA 1996) (finding that because decedent specifically directed that her homestead be sold and distributed as part of her residue estate, proceeds became subject to the claim of decedent’s creditor);
 
 Elmowitz v. Estate of Zimmerman,
 
 647
 
 *1079
 
 So.2d 1064, 1065 (Fla. 3d DCA 1994) (stating that homestead property devised to trust in favor of decedent’s sister and two sons “lost its homestead status and became merely another asset of the trust”).
 

 Here, Frank is a qualified heir, and the decedent’s will directed that Frank not be forced to sell the house. Therefore, the homestead property passed directly to Frank, and never became a part of decedent’s probate estate. Because the property was not a part of decedent’s probate estate, the trial court properly concluded that the proceeds from the subsequent sale of the property could not be used to pay creditors’ claims or administrative expenses of the estate. For that reason, we affirm the trial court’s ruling regarding the proceeds from the sale of decedent’s property.
 

 The second issue is whether Deborah and Frank are entitled to attorney’s fees and expenses for defending the Slayer Statute claim. Deborah and Frank assert they should have been awarded attorney’s fees for defending this claim because their defense effectuated the decedent’s testamentary intent. Linda and Susan, on the other hand, contend that the trial court properly denied the requested attorney’s fees. The trial court erred on this issue.
 

 In probate matters, section 733.106, Florida Statutes (2003), controls the question of attorney’s fees. Subsection (3) states: “Any attorney who has rendered services to an estate may be awarded reasonable compensation from the estate.” An attorney may render services to an estate by: (1) bringing about an enhancement in value or an increase in estate assets, or (2) actions which establish and effectuate the decedent’s testamentary intent.
 
 See, e.g., Estate of Brock v. Brock,
 
 695 So.2d 714 (Fla. 1st DCA 1996);
 
 Segal v. Levine,
 
 489 So.2d 868 (Fla. 3d DCA 1986);
 
 In re Estate of Lewis,
 
 442 So.2d 290 (Fla. 4th DCA 1983).
 

 Lewis
 
 illustrates how services may benefit an estate by effectuating a testator’s intent. In
 
 Lewis,
 
 a decedent’s widow sued to revoke a devise alleging undue influence, and later voluntarily dismissed the claim. The trial court denied the devisee attorney’s fees for defending the undue influence claim. The Fourth District reversed based on section 733.106(3), stating: “[the devisee] was successful in maintaining the testamentary devise to himself with the net result being that the terms of the will were upheld.” 442 So.2d at 291-92.
 

 Similarly, as a result of Deborah and Frank’s defense of the Slayer Statute claim, the terms of the decedent’s will were upheld. Thus, under section 733.106(3), Deborah and Frank are entitled to reimbursement of the attorney’s fees and expenses for defending the claim. We, therefore, reverse the order denying attorney’s fees.
 

 Further, section 733.106(4) provides that the court may direct from what part of the estate attorney’s fees and costs shall be paid. The trial court, therefore, has discretion in determining if a beneficiary’s share of an estate should be used to pay attorney’s fees.
 
 See In re Estate of Paris,
 
 699 So.2d 301 (Fla. 2d DCA 1997);
 
 Dayton v. Conger,
 
 448 So.2d 609 (Fla. 3d DCA 1984). Thus, upon remand, the trial court may consider whether or not to direct that the Slayer Statute claim attorney’s fees be paid from Linda and Susan’s share of the probate estate (after exclusion of the homestead property).
 

 Accordingly, we affirm the order determining that the proceeds from the sale of the decedent’s homestead are exempt from creditors’ claims and administrative expenses of the decedent. However, we reverse the attorney’s fees order, and re
 
 *1080
 
 mand for an award of attorney’s fees in favor of Deborah and Frank on the Slayer Statute claim. The trial court can determine which estate assets should be used to pay the fees and costs.
 

 Affirmed in part, reversed in part, and remanded with instructions.