IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J. SCOTT LANFORD, TRUSTEE OF
THE KIRK FAMILY FOUNDATION,

      Appellant,

 v.

Case No.  5D21-1015
LT Case No. 05-2017-CP-027176-X

ROBIN PHEMISTER, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARY L. DILLARD AND AS TRUSTEE
OF THE TESTAMENTARY TRUST OF
MARY L. DILLARD,

      Appellee.

_____/

Opinion filed April 8, 2022

Appeal from the Circuit Court
for Brevard County,
David E. Silverman, Judge.

Robert C. Wilkins, Jr., of Robert C. Wilkins,
Jr., P.L., Orlando, for Appellant.

Scott Krasny, of Krasny and Dettmer,
Melbourne, for Appellee.

TRAVER, J.

J. Scott Lanford, trustee of the Kirk Family Foundation Charitable Trust ("Lanford"), appeals the probate court's final order authorizing reimbursement from the sale of the homestead property of Mary Lee Dillard ("Decedent"). We have jurisdiction. *See* Fla. R. App. P. 9.170(b)(21), (23). The probate court awarded Robin Phemister and her attorneys their reasonable fees and costs incurred while Phemister performed two discrete functions: 1) administering Decedent's estate as personal representative; and 2) acting as trustee to the testamentary trust Decedent created in her will.[1]  It also awarded Decedent's estate expenses Phemister advanced to maintain the homestead after Decedent died.[2]  Because Florida's constitutional homestead protections forbid it, the probate court erred by authorizing reimbursement of  Phemister's personal representative fees and costs from the homestead sale proceeds.  The probate court correctly

_____

[1] A property transfer is "testamentary" when the property owner had no intention of making a transfer during her lifetime.  *See* Restatement (Third) of Trusts § 17 cmt. a (2003).  A "testamentary trust" is created by will and must satisfy the formalities required to execute a will. *Id.*; *see also* § 736.0401(1), Fla. Stat. (2016). Therefore, a testamentary trust is created if the property owner only intends to transfer the property to a trust after death. *See* Restatement (Third) of Trusts § 17 cmt. a (2003).

[2] We affirm without further discussion this portion of the probate court's order.

2

determined, however, that Phemister and her lawyers could be reimbursed from the sale proceeds for fees and costs incurred on the testamentary trust's behalf. Finally, Lanford does not meet his appellate burden to show these fees and costs were unreasonable. We therefore affirm in part and reverse in part.

## I.    Background

Decedent died in 2016, leaving certain personal property to her sister, Billie Jo Schell. She left the residuary of her estate,[3] including her homestead, to a testamentary trust. Schell was the testamentary trust's primary beneficiary and the Kirk Family Foundation Charitable Trust ("Kirk Trust") was the testamentary trust's contingent remainder beneficiary.[4] Although Decedent's will designated Lanford as her personal representative

---

[3] A residuary estate is "[t]he part of a decedent's estate remaining after payment of all debts, expenses, statutory claims, taxes, and testamentary gifts (special, general, and demonstrative) have been made." *Residuary estate*, *Black's Law Dictionary* (11th ed. 2019). Accordingly, the testamentary trust was Decedent's residual beneficiary. A residuary beneficiary is a devisee of all assets remaining after the estate's obligations are satisfied. § 731.201(2), (35), Fla. Stat. (2016).

[4] A contingent remainder is a future interest arising in a third party who is intended to take after a condition precedent. *Contingent remainder*, *Black's Law Dictionary* (11th ed. 2019). Decedent's will provided that "upon the death of [Schell] or if [Schell] shall not survive me, then my entire residuary estate shall be paid over to [the Kirk Trust]."

3

and the testamentary trust's trustee, the probate court appointed Phemister to both these roles.[5]

In separate final orders, the probate court determined Decedent's home constituted exempt homestead property, and that constitutional homestead protections inured to Phemister, as testamentary trustee, for Schell's benefit. Nobody appealed either final order. *See* Fla. R. App. P. 9.170(b)(12)–(13). The probate court thereafter authorized Phemister, as testamentary trust trustee, to sell the homestead property. Lanford and Phemister stipulated that the sale would occur, and Phemister would place the sale proceeds in escrow. The property later sold.

In 2018, Schell died, and the residuary of Decedent's estate passed to the Kirk Trust. Phemister thereafter petitioned the probate court to disburse the homestead property's sale proceeds to pay for her fees as personal representative, her fees as testamentary trustee, and her attorney's fees and costs incurred in both capacities. She later filed two amendments to this petition. Lanford objected, contending that homestead sale proceeds could

---

[5] In appointing Phemister, the probate court concluded that Lanford had a conflict of interest that prevented him from serving as Decedent's personal representative or the testamentary trust's trustee. Lanford did not appeal the probate court's order appointing Phemister as personal representative, and we affirmed the probate court's order appointing her as testamentary trustee. *See Lanford v. Phemister*, 280 So. 3d 79, 79 (Fla. 5th DCA 2019).

4

not be used for these purposes. He also argued the amounts Phemister and her attorneys sought were categorically unreasonable. He contended, for example, that Phemister did not distinguish between the work she and her attorneys performed for Decedent's estate and the testamentary trust. The probate court conducted an evidentiary hearing on the amended petitions, at which it heard testimony on the necessity and reasonableness of the fees incurred. The hearing transcript is not part of our record.

Following the hearing, the probate court issued an order reflecting that the parties agreed to the hourly rates of Phemister's lawyers. It also directed Lanford to submit objections to Phemister and her attorney's fees, "either by timeline or line item entries, as to the necessity or reasonableness of the line items . . . ." Lanford did not comply with this directive.

The probate court granted Phemister's amended petitions. It awarded reimbursement of Phemister's and her attorney's fees and costs. The probate court's order did not, however, differentiate between fees and costs incurred by the estate and the trust. To the extent Decedent's estate had insufficient funds, the probate court authorized payment to Phemister and her lawyers from the escrowed homestead sale proceeds. The parties agree Decedent's estate cannot comply with the probate court's order without drawing on the homestead sale proceeds. Lanford challenges the trial

5

court's authorization of payments from the homestead sale proceeds and the reasonableness of the awards to Phemister and her attorney.

We first address the homestead issue, starting from the perspective of Phemister's role as personal representative of Decedent's estate, and then from her position as testamentary trustee. We then discuss whether the probate court's awards were reasonable.

## II. Homestead Proceeds to Phemister, as Personal Representative

The probate court erred in allowing for reimbursement of Phemister's personal representative fees and costs from the homestead sale proceeds because Florida's constitutional homestead provisions forbade it. We review de novo an issue concerning the constitutional homestead protection. *See Anderson v. Letosky*, 304 So. 3d 801, 803 (Fla. 2d DCA 2020). The Florida Constitution protects a homestead from "judgment[s], decree[s] or execution[s]," except for payment of certain limited debts. Art. X, § 4(a), Fla. Const. These homestead exemptions inure to the owner's "surviving spouse or heirs." Art. X, § 4(b), Fla. Const. After a decedent's death, her heir "has legal ownership of the property," and "she may sell it without regard to decedent's creditors or administrative expenses." *Morey v. Everbank*, 93 So. 3d 482, 488 (Fla. 1st DCA 2012) (quoting *Est. of Shefner v. Shefner-Holden*, 2 So. 3d 1076, 1078 (Fla. 3d DCA 2009)).

6

Here, Lanford concedes that Schell, as Decedent's sister and the testamentary trust's beneficiary, was Decedent's heir for purposes of homestead protections.[6] When protected homestead[7] property is devised to an heir, it passes outside of the probate estate. *See* § 733.607(1), Fla. Stat. (2016) ("Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property, *except the protected homestead . . . .*") (emphasis added); § 733.608(1)(c), Fla. Stat. (2016) ("All real or personal property of the decedent, *except the protected homestead . . .* shall be assets in the hands of the personal representative . . . for the payment of . . . expenses of the administration and obligations of the decedent's estate.") (emphasis added); *see also Clifton v. Clifton*, 553 So. 2d 192, 194 n.3 (Fla. 5th DCA

---

[6] The probate court entered a final order determining Phemister, as the testamentary trust's trustee, was entitled to constitutional homestead protections for Schell's benefit. Lanford did not appeal this order. *See* Fla. R. App. P. 9.170(b) (limiting appeals in probate and guardianship proceedings). Therefore, for the purposes of this decision, we must accept that Schell, as the testamentary trust's beneficiary, is an "heir" for purposes of constitutional homestead protections. Accordingly, we do not determine whether a trust's beneficiary is entitled to constitutional homestead protections as an "heir" under Florida law. Our decision is not intended, and should not be cited, to stand for this proposition.

[7] "'Protected homestead' means the property described in § 4(a)(1), Art. X of the State Constitution on which at the death of the owner the exemption inures to the owner's surviving spouse or heirs under § 4(b), Art. X of the State Constitution." § 731.201(30).

7

1989) ("Homestead property, whether devised or not, passes outside of the probate estate."). Phemister insists that the Kirk Trust is not Decedent's "heir" for the purpose of constitutional homestead protections, but this misses the point.

Because the parties did not appeal the trial court's previous order, which found that Decedent's homestead, complete with its constitutional protections, passed to *Schell* at the moment of Decedent's death, the sale proceeds from Decedent's devised homestead cannot be used to pay the estate's administrative fees and costs. *See* § 733.608(1)(c). Similarly, a general directive in a testamentary trust instrument—such as Decedent's will—to pay "debts, claims, or expenses" does not subject protected homestead to estate obligations or administrative estate expenses. *See* § 736.1109(2), (4), Fla. Stat. (2021).

Here, the escrowed funds are proceeds from the sale of Decedent's protected homestead. The homestead passed outside of the probate estate, and the proceeds from the sale became an asset of the testamentary trust to be used for Schell's benefit. *See Thompson v. Laney*, 766 So. 2d 1087, 1088 (Fla. 3d DCA 2000) (reiterating that in absence of will provision stating otherwise, devisee entitled to sell homestead property and keep proceeds of sale); *see also Est. of Shefner*, 2 So. 3d at 1078 ("The heir's sale of the

8

property, after the decedent's death, does not change the legal consequences of the bequest from the decedent to the heir."). Accordingly, we reverse that portion of the probate court's final order reimbursing Phemister and her attorneys, in her capacity as personal representative of Decedent's estate, their fees and costs from the homestead sale proceeds.

## III. Homestead Proceeds to Phemister, as Testamentary Trustee

Our conclusions differ as it relates to Phemister and her attorney's services to the testamentary trust. The trial court correctly allowed for reimbursement of Phemister's fees and costs as testamentary trustee from the homestead sale proceeds. Our review of an issue involving the constitutional homestead protection is de novo. *See Anderson*, 304 So. 3d at 803. We review an order involving trustee fees for an abuse of discretion. *See Bronstein v. Bronstein*, 332 So. 3d 510, 514 (Fla. 4th DCA 2021); *Demircan v. Mikhaylov*, 306 So. 3d 142, 149 (Fla. 3d DCA 2020). Phemister bore the burden of proof below to prove her and her lawyers' fees and costs were reasonably necessary. *See Bronstein*, 332 So. 3d at 514 (quoting *Barnett v. Barnett*, 340 So. 2d 548, 550 (Fla. 1st DCA 1976)). She also had to prove that these fees and costs inured to the trust's benefit and not anyone else's. *Id.*

9

Under Florida law, trustees have the power to pay trust expenses, their own compensation, and their attorney's fees from trust assets. § 736.0816(15), (20), Fla. Stat. (2021). Decedent's will is silent on how the testamentary trustee will be paid, but it did not contemplate that the testamentary trustee would work for free. Further, Florida law also does not require trustees to work for free. Under Florida law, trustees have the power to pay trust expenses, their own compensation, and their attorney's fees from trust assets. § 736.0816(15), (20), Fla. Stat. (2021). Trustees are "entitled to compensation that is reasonable under the circumstances." § 736.0708(1), Fla. Stat. (2021); *see also* § 736.05053(4), Fla. Stat. (2021) (providing that trust administration fees, including trustee fees and trustee's attorney's fees, should be paid before estate administration fees). Trustees are also allowed reimbursement for reasonable trust expenses. § 736.0709(1), Fla. Stat. (2021). Similarly, an attorney who provides "services to a trust may be awarded reasonable compensation from the trust" following an application for fees. § 736.1005(1), Fla. Stat. (2021).

Lanford argues that a homestead willed to a trust is entitled to the same constitutional protections against claims from the trustee as it is to estate administration claims. He concedes, however, there is no legal authority supporting this argument, and he otherwise fails to explain why homestead

10

protections should apply against the trustee. Instead, he suggests we rely on a per curiam affirmance without opinion case. Per curiam affirmances without opinion, however, have no precedential value because the reasons for affirmance are indeterminable. *Hicks v. Am. Integrity Ins. of Fla.*, 241 So. 3d 925, 929 (Fla. 5th DCA 2018). Accordingly, Lanford cannot demonstrate the probate court erred in awarding Phemister and her lawyers statutorily authorized fees and costs for administering the trust, including allowing reimbursement from homestead sale proceeds. We therefore affirm that portion of the probate court's order.

## IV.   The Reasonableness of the Expenses, Fees, and Costs

We have no transcripts of the evidentiary hearing regarding Phemister's and her attorney's fees and costs incurred in administering the testamentary trust. Accordingly, we will not disturb the probate court's determination that these items were both reasonable and incurred for the testamentary trust's benefit. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or an alternate theory.").

11

Lanford's categorical objection to Phemister's failure to distinguish between work she and her lawyers performed for the estate versus services performed for the trust might have had some merit. That said, without a transcript or Lanford's compliance with the probate court's order directing him to object by timeline and line item, we are unable to determine whether any of the awarded items related to tasks pertaining solely to personal representative work. The absence of both a transcript and this critical information compels our affirmance on this point.

We therefore reverse the trial court's determination that Phemister and her attorneys are entitled to reimbursement from the homestead sale proceeds for their work as Decedent's personal representative. We otherwise affirm.

AFFIRMED IN PART; REVERSED IN PART.

EDWARDS and EISNAUGLE, JJ., concur.