DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOEL SCHIRO and TAMMY SCHIRO,

Appellants,

v.

KIM L. ELLIOTT, as personal representative of the
Estate of Sally A. Napuunoa, deceased,

Appellee.

_____

No. 2D2025-2366
_____

May 29, 2026

Appeal from the Circuit Court for Hillsborough County; Caroline Tesche
Arkin, Judge.

Matthew C. Scarborough and Amy Lee of Scarborough Attorneys at Law,
Tampa, for Appellants.

Marley Dodd of Zoecklein Law, P.A., Brandon, for Appellee.


SILBERMAN, Judge.

Joel and Tammy Schiro seek review of an order entered in probate
court determining that property held by the Sally A. Napuunoa Trust (the
Trust) retained its homestead status. Because the probate court
correctly ruled that the property was the protected homestead of Ms.
Napuunoa and that, upon her death, the homestead protection from

creditors' claims, including the Schiros, inured to her three children, we affirm.

Following the death of her mother, Kim L. Elliott filed an amended petition seeking a determination from the probate court that her mother's residence constituted protected homestead property exempt from the claims of creditors. The petition asserted that upon her mother's death, title to the property descended to the mother's heirs and retained its constitutional exemption from creditor's claims.

The Schiros are judgment creditors of Ms. Napuunoa and each filed a statement of claim in the probate case. They moved to dismiss Ms. Elliott's amended petition, arguing that homestead protection is limited to the surviving spouse and minor children. The trial court denied their motion to dismiss after a hearing and thereafter entered the order on appeal.

The Schiros argue that the trial court erred for several reasons. They first contend that the property belongs to the Estate of Sally A. Napuunoa, not the Trust, because her Will provides the personal representative, Ms. Elliott, with the power to lease or sell "any real or personal property belonging to my estate." They contend that because the property is part of the Estate, it should be sold to pay creditors of the Estate.

However, the Schiros alternatively argue that if the property belongs to the Trust, it should be sold to pay creditors because the Will states, "I have provided for the payment of all my debts, expenses of administration of property wherever situated passing under this will or otherwise and estate, inheritance, transfer and succession taxes, that become due by reason of my death, under THE SALLY A. NAPUUNOA TRUST . . . ."

2

We conclude that the trial court correctly found that the property is part of the Trust, not the Estate, and that it was the protected homestead of Ms. Napuunoa. The record reflects that the property is titled in the name of the Trust, and when a property is held in a revocable trust, it is "owned by a 'natural person' for purposes of the constitutional homestead exemption." *Engelke v. Est. of Engelke*, 921 So. 2d 693, 696 (Fla. 4th DCA 2006). Ms. Napuunoa maintained an ownership interest in her residence, even though the revocable Trust held title to the property, because she retained the right to revoke the Trust. *See id.* Therefore, the property was the protected homestead of Ms. Napuunoa even though it was titled in the name of the Trust.

When Ms. Napuunoa passed, the property's homestead status passed to her heirs. Article X, section 4, of the Florida Constitution provides, in relevant part:

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
>
> (1) a homestead . . . .
>
>    . . . .
>
> (b) These exemptions shall inure to the surviving spouse or heirs of the owner.

Courts liberally interpret the homestead exemption in the interest of protecting the family home. *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1020 (Fla. 2001). The term "heirs" is not restricted to a person "who would actually take the homestead by law in intestacy on the death of the decedent" but also includes any person described in section 732.103, Florida Statutes (2024), which encompasses the descendants of

3

the decedent. *Snyder v. Davis*, 699 So. 2d 999, 1000 (Fla. 1997);[1] *see also HCA Gulf Coast Hosp. v. Est. of Downing*, 594 So. 2d 774, 776 (Fla. 1st DCA 1991) (holding that the homestead protection from creditors flows to a trust's "beneficiary who would be otherwise entitled to claim homestead protection had title passed directly to her by devise or intestacy"). Thus the homestead protection was not limited to a surviving spouse or minor children, and the trial court correctly found that it passed to Ms. Napuunoa's three adult children.

The Schiros' argument that the Will's language required that the property be sold to pay debts of the Estate is unavailing. The property is in the name of the Trust, and "unless the trust specifically directs that the freely devisable homestead be sold, the rights of the heirs attach at the death of decedent, and the property is protected from the claims of all creditors." *Engelke*, 921 So. 2d at 697 (citing *Knadle v. Est. of Knadle*, 686 So. 2d 631, 632 (Fla. 1st DCA 1996)). Here, the Schiros do not assert that language in the Trust specifically directs the trustee to sell the property. Therefore, the homestead protection rights of Ms. Napuunoa's heirs attached at her death, and the property cannot be sold to satisfy the claims of the Estate's creditors.

Affirmed.

MORRIS and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[1] In *Snyder*, 699 So. 2d at 999, the court was applying the 1995 version of section 732.103, but this does not impact our analysis.